### THE PEOPLE *against* JOHNSON.

A person who obtains goods under pretence that he lived with, and was employed by A. B., who sent him for them, is indictable for obtaining goods by false pretences, under the statute, sess. 36. c. 29. s. 13.

THE defendant was indicted at the *General Sessions of the Peace,* for the city and county of *New-York,* under the act (*sess.* 36. *c.* 29. *s.* 13. 1. *R. L.* 410.) for obtaining goods by false pre-tences.

The indictment charged that the defendant pretended to one *Alfred Nash,* that he lived with, and was employed by one *Jacob Tier,* (*Tier* being well known to *Nash,*) and that he was sent by *Tier* to *Nash,* for a pair of shoes, in the name of *Tier,* by which pretences he obtained from *Nash,* one pair of shoes, of the value of one dollar, of the goods and chattels of *Nash,* with intent to cheat and defraud him, *Nash,* of the same; whereas, the defendant did not live with, nor was employed by *Tier,* nor had been sent by him for the shoes, or any shoes whatever, in the name of *Tier.*

The jury found the facts stated in the indictment to be true, subject to the opinion of the court whether the offence was indictable. The court below were of opinion that it was in-dictable under the statute, but wished to have the question settled by an opinion of this court, and, in the mean time, suspended judgment.

The case was submitted to the court without argument.

THOMPSON, Ch. J., delivered the opinion of the court. The statute (1. *N. R. L.* 410.) declares, that if any person shall, know-ingly and designedly, by false pretence, obtain any money, goods, or chattels, &c., with intent to cheat or defraud any per-son, he shall be punished, &c. This is a transcript of the *English* statute, (30 *Geo.* 2. *ch.* 24.) which, according to the *English* de-cisions, has been considered as extending the common law offence of cheating, and as introducing a new rule of law. The com-mon law extended to cheats, effected by means of any false token, having the semblance of public authority, or in any manner touching the public interest. And this was the principle adopt-ed by this court in the case of *The People* v. *Babcock,* (7 *Johns.*

*Rep.* 201.) which was an indictment at common law. The statute (33 *Hen.* 8. *ch.* 1.) extended the common law rule, but still required some false token to be used. But this being found too limited to prevent the evil intended, the statute of *Geo.* 2. was passed, which adopted the more general terms of *false pretences ;* and which has been considered, in *England,* as extending to every case where a party has obtained money or goods, by falsely representing himself to be in a situation in which he was not, or by falsely representing any occurrence that had not happened, to which persons of ordinary caution might give credit. (3 *Term Rep.* 98.) The ingredients of the offence are, obtaining the goods by false pretences, and with an intent to defraud. In this case there was a false pretence, and one, too, very naturally calculated to deceive and impose upon the seller, and that pretence was false. If the false pretence created the credit, it has been considered as bringing the case within the statute. (2 *East, C. L.* 830.) That the credit in this case was obtained by means of the false pretence cannot be doubted. According to these principles, therefore, which appear to be fully warranted by the words of the statute, the case before us clearly falls within it, the jury having found the facts stated in the indictment to be true. We are accordingly of opinion that judgment ought to be pronounced upon the prisoner in the court below.