By the Court

Bronson, J.
It is objected that the indictment is insufficient, because it does not allege that the deed was acknowledged by the wife at or after the time that her signature was obtained. At the common law a feme covert could only alien her lands by fine or common recovery; but in this state she may alien by deed, acknowledged before a public officer, on a private examination apart from her husband. The statute expressly provides that no estate of a married woman shall pass by any conveyance not so acknowledged (1 R. S. 758, § 10). That an instrument purporting to be the deed of feme covert is, before acknowledgment, utterly void, has been repeatedly adjudged. It is not her deed (Jackson v. Stevens, 16 Johns. R. 110; Jackson v. Cairns, 20 Johns. R. 301).
The statute under which the defendant was indicted, provides that every person who, with intent to cheat or defraud another, shall designedly by color of any false token or writing, or by any other false pretence, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, shall, upon conviction thereof, be punished by imprisonment, &c. (2 R. S. 677, § 53). That part of the section which makes it an offence to obtain the signature of a person by a false pretence, is a new provision, and the question now presented has never been considered by this court. Although the language is general, “ any written instrument,” the writing to which the signature is obtained must, I *305 think, be one which is not utterly worthless. This statute, like that against forgery, was made to protect men in the enjoyment of their property, and if the instrument obtained can by no possibility prejudice any one in relation to his estate, it will not be an offence within the statute. If the rule were otherwise, a man might be punished criminally for obtaining the signature of another to an idle letter, or any other writing of no legal importance. Although it is not necessary to the offence that the party [542] signing should actually suffer loss or injury, The People v. Genung (11 Wendell 18), yet the instrument signed must be one which could wor] an injury to the person from whom it is obtained.
In prosecuting for forgery, it is material that the instrument should not upon its face appear to be illegal or void. In The King v. Moffatt (2 Leach, 483, case 190), the defendant was indicted for forging a bill of exchange. The instrument was not drawn or attested in the manner prescribed for bills of that particular description; and under such circumstances the statute had declared the instrument void. The question whether the defendant was properly convicted of the forgery having been reserved, the unanimous opinion of the twelve judges was delivered by Mr. .Justice Ashurst that the bill of exchange, if real, would not have been valid or negotiable, and therefore the forging of it was not a capital offence. There is a distinction between the case of an instrument apparently void, and one where the invalidity is to be made out by the proof of some extrinsic fact. In the former case the party who makes the instrument can not, in general, be convicted of forgery, but in the latter he may. In The King v. Sterling (1 Leach, 117, case 57), the defendant was convicted of forging a will, although the supposed testator was still living, and appeared as a witness on the trial. Mr. Justice Foster, in delivering the opinion of the judges said, that an instrument may be the subject of forgery, although in fact it should appear impossible for such az instrument to exist, provided the instrument purports on the face of it to be good and valid, as to the purposes for which it was intended to be made See also Rex v. Cogan (2 Leach, 503, case 197); case of James M'Intosh (2 East P. C. 942, 956). In the case of Thomas Wall (2 East P. C. 953), the invalidity of the instrument was apparent upon its face. The prisoner was convicted of forging a will of land attested by only two witnesses; but thf judges on conference held the conviction wroiig. So a man can not be con victed of forging a note or a bill which is apparently incomplete for the waz of a signature or the name of a payee (Rex v. Pateman, Russ. & Ryl. 455; Rex v. Richards and Rex v. Randall, ib. 193, 195). Where the [543] instrument forged is apparently void, there is little probability that any one can be defrauded, but it is otherwise where the invalidity of the instrument depends on some collateral fact not appearing on its face. This seems to be the reason for the distinction which has been mentioned.
If the defendant could not have been convicted of forgery had he affixed the name of his wife to this instrument without her consent, I think he should not have been convicted of the offence of obtaining her signature to the instrument by a false pretence. As the indictment is insufficient, it is unnecessary to look into the various questions which arose on the trial.
Judgment reversed.