By the Court,
Nelson, Ch. J.
It is insisted that the indictment is defective for the reason, 1. That it does not set forth an actual delivery of the bond and mortgage to the obligee or mortgagee, or to the prisoner for his benefit 5 and 2. That it does not describe the real estate mentioned in the mortgage.
The statute provides, that every person who, with intent to cheat or defraud another, shall designedly, or by color of any false token or writing, or by any other false pretence, obtain the signature of any person to any written instrument, &c., upon conviction thereof, shall be punished by imprisonment &c. (2 R. S. 677, § 53.) It will be seen that the averments in the indictment are sufficient to bring the case within the terms of the statute. I concede, however, that the case must also be brought within the legal meaning and import of the statute ; and that, if a more comprehensive averment than the use of the words themselves is necessary to do this, it should be made. There can be no doubt that, to constitute the of-fence aimed at by this indictment, there must be not only a signing, but a delivery of the instrument. The one without the other would harm nobody. But I am of opinion that the averment here made comprehends both. It is difficult to see how the signatures to the bond and mortgage could have been *128 obtained by the prisoner unless they were delivered to him. If kept by Rich after the signing, clearly they were not obtained. The word imports a delivery.
The second objection is equally untenable. The indictment need not set out the particular description of the premises con-tamed in the mortgage. It is sufficient for the purposes of the indictment if the instrument appear to be valid and binding upon the real estate—such an one as may be used to the prejudice of the party. It is then brought within the class of written instruments mentioned in the statute. (The People v. Galoway, 17 Wend. 540.) The case of The People v. Wright, (9 id.193,) was an indictment for forging a mortgage. The instrument was set out in hate verba, but there was no averment that it embraced any real estate in existence, much less of the mortgagor whom it was charged the prisoner intended to defraud; and as the mortgage did not bind him personally, it is difficult to see how he could be defrauded by it, unless it was a charge upon his real estate. There may be some doubt, notwithstanding the precedents there cited from Chitty, whether the indictment might not have been sufficient if the intent had been laid to defraud a person other than the mortgagor. The real difficulty in that case was, that the indictment charged a forgery of the mortgage by altering the receipt of a payment endorsed upon the back. The offence, if any, was the forgery of the receipt, to which a different punishment was annexed. But the case has no application to the one before us.(a) It is only necessary here to show upon the record that the instrument is valid, and may be used to the injury of the party ; and that sufficiently appears.
Judgment affirmed.

 See the observations of Cowen, J., upon this case, iti The People v. Stearns, (21 Wend. 409, 420 et seq.)