DORD, impleaded with Rowe and Behrman, *vs.* THE PEOPLE.

An indictment for obtaining by false pretenses, the signature of a person to a deed of real estate, should aver that the prosecutor owned, or had some interest in, the lands described in the deed, or that the deed contained covenants rendering him liable to an action.

And the deed should be so described that it may be identified by the record, in case the defendant is subsequently indicted for the same offense.

Where such an indictment did not alledge that the grantor in the deed owned or claimed any title to the lands conveyed thereby; and the description of such lands was in the most general terms, as, certain lands in the state of Texas and United States of America; and the date of the deed was nowhere averred, so that it would be impossible to identify the instrument; and it did not appear that the deed would tend to the hurt or prejudice of the prosecutor; it was *held*—in the absence of any averment that the deed could not be more particularly described—that the indictment was defective.

THIS cause came up on a writ of error to the New-York general sessions. The defendant Dord, and the other defendants, were indicted for obtaining by false pretenses the signature of James S. Holman to a written instrument. They demurred to the indictment and judgment was given for the people, in the court below. The indictment contained six counts, the two last of which were abandoned by the district attorney, on the argument. The first count of the indictment, after setting forth various false pretenses made by the defendants, proceeded thus : " And the said James S. Holman then and there believing the said false pretenses and representations, so made as aforesaid by the said Claudius Dord, &c. &c., and being deceived thereby, was induced by reason of the false pretenses and representations so made as aforesaid, to deliver, and did then and there deliver, to the said Claudius Dord, a certain deed or conveyance under the hand and seal of him the said James S. Holman, of certain lands in the state of Texas in the United States of America, said deed being a written instrument, to which said deed or written instrument the said James S. Holman, by reason of the false pretenses and representations so made by the said Dord, Rowe and Behr-

man, was induced to place and affix his signature, and did place and affix his signature, which said signature of the said James S. Holman to the said deed or instrument was obtained by means of the said false pretenses and representations made by the said Dord &c. as aforesaid, of the proper moneys, valuable things, goods, chattels, personal property and effects of the said James S. Holman, and the said Dord &c. did then and there designedly receive and obtain the said signature of the said James S. Holman to the said deed or instrument in writing of the said James S. Holman, of the proper moneys, valuable things, &c. &c. of the said James S. Holman, by means of the false pretenses and representations aforesaid, and with intent feloniously to cheat and defraud the said James S. Holman, and to obtain from said Holman the signature of him the said Holman to the said deed, and the title to the lands thereby conveyed." The second count, after alledging sundry false pretenses made by said Dord &c., on a sale of merchandise to Holman, proceeded : " And the said James S. Holman believing the said false pretenses, and being deceived thereby, was induced by reason of the false pretenses so made as aforesaid, to receive the said goods and to make, execute and deliver to the said Claudius Dord, in exchange therefor, a certain written instrument conveying to said Dord a certain interest in certain lands therein described, in the state of Texas aforesaid, and to make, sign and affix to said deed or written instrument the signature of him the said James S. Holman ; and the said Dord &c. did then and there feloniously and designedly procure and obtain the signature of the said James S. Holman to the said deed or written instrument, by means of the false pretenses aforesaid, and with intent feloniously to cheat and defraud the said James S. Holman out of the title to said land, and falsely, fraudulently, designedly and feloniously to obtain the signature of said James S. Holman to the said deed or written instrument. The third count, alledging the false pretenses in a different manner, stated and described the instrument to which the signature of said Holman was obtained, by the same description, and in the same general terms, as the preceding count. The fourth count, also varying its allegations as to the

Dord v. The People.

false pretenses, added nothing to the description of the written instrument to which Holman's signature was obtained.

The defendants demurred to the indictment, and judgment was given for the people, in the court below. Whereupon the defendant Dord brought a writ of error to reverse the judgment.

*S. P. Nash,* for the plaintiff in error.

*John McKeon,* (district attorney,) for the people.

*By the Court,* KING, J. It was urged as an objection to the indictment, that the deed to which the signature of Holman was obtained was not sufficiently described, in any of the counts.

The offense of obtaining by false pretenses the signature of another to a written instrument seems to have been first recognized as a statutory offense, by the revised statutes. (*People* v. *Genung,* 1 *Wend.* 18.) The cases in our reports since the revised statutes, in which parties have been indicted for obtaining by false pretenses the signatures of others to instruments affecting lands, are the cases of *The People* v. *Galloway,* (17 *Wend.* 540;) *The People* v. *Williams,* (4 *Hill,* 9;) and *Fenton* v. *The People,* (*Id.* 126.)

In the case of *The People* v. *Galloway,* (17 *Wend.* 540,) a man was indicted for obtaining the signature of his wife to a deed of lands in the state of New-York, belonging to her, by the false pretense that it was a deed of lands in Illinois, belonging to him. An objection was taken to the indictment that it did not alledge the deed to have been acknowledged by the wife; and the objection was sustained, because without such acknowledgment the deed was absolutely void, and it was not an offense within the statute to obtain a signature to an instrument which could by no possibility prejudice any one in relation to his estate. In that case the defendant was tried in the court of general sessions, and the indictment is not set forth in the report. So far as appears from the report, however, the deed was described in such way that it could be identified as the instrument the signature to which had been fraudulently obtained by the defendant.

Dord v. The People.

In *The People* v. *Williams*, (4 *Hill*, 9,) the defendant was indicted for obtaining the signature of the prosecutor to a deed of lands, by the false pretense that a mortgagee was about to foreclose his mortgage on said lands. In that case the defendant having been tried and convicted, a new trial was ordered, because the pretenses were not such as would have imposed on a man of ordinary prudence and caution. The indictment described very particularly the deed to which the prosecutor's signature had been obtained.

In the case of *Fenton* v. *The People*, (4 *Hill*, 126,) the defendant was indicted for obtaining the signature of the prosecutor to a bond and mortgage, by false pretenses. The mortgage was described in the indictment by its date, its condition, time and place of recording, and that it was upon certain real estate of the prosecutor in the county of Monroe. The defendant demurred to the indictment, and judgment was rendered in favor of the people, in the court below. An objection was taken that the indictment did not describe the real estate included in the mortgage. The court held that the objection was untenable, and that it was sufficient for the purposes of the indictment if the instrument appeared to be valid and binding on the real estate—such an one as might be used to the prejudice of the party. The case of *The People* v. *Wright*, (9 *Wend*. 193,) was cited, and it was remarked that aside from the main objection in that case, that the defendant was indicted for forging a mortgage, while the actual offense was forging a receipt on the mortgage—there was no averment that the mortgage embraced any real estate in existence, much less of the mortgagor whom it was charged the prisoner intended to defraud; and as the mortgage did not bind him personally, it was difficult to see how he could be defrauded by it, unless it was a charge upon his real estate.

In all these cases, however, the instrument to which the signature was obtained seems to have been so described in the indictment that it might be identified.

In the present indictment it nowhere appears that Holman owned or claimed any title to the lands conveyed by the deed. The description of the lands conveyed by the deed is in the most

---

Dord v. The People.

---

general terms, as certain lands in the state of Texas and United States of America; the date of the deed is nowhere averred, so that it would be impossible to identify the instrument the signature to which had been obtained by the alledged false pretenses; nor, without a very liberal intendment, can it be perceived that the prosecutor had affixed his signature to any instrument which might tend to his hurt or prejudice. Nor is there any averment that the instrument could not be more particularly described, by reason of its loss or destruction or being in the defendants' possession, or any other circumstance.

In *The People v. Gates,* (13 *Wend.* 317,) Ch. J. Savage, quoting from the authorities, says, " An indictment is a brief narration of the offense charged: it must contain a certain description of the crime and the facts necessary to constitute it; it must state the facts of the crime with as much certainty as the nature of the case will admit. In a criminal charge there is no latitude of intention to include anything more than is charged. The charge must be explicit enough to support itself."

Under the statute relative to false pretenses, the obtaining the signature by the false pretense is the gist of the offense; but it having been decided, as is but reasonable, that the instrument to which the signature was affixed should be one which might possibly prejudice the party, it seems to me that in the case in question there should have been some averment that the prosecutor owned or had some interest in the land described in the deed, or that the deed itself contained covenants rendering him liable to an action. And upon the general principle that the facts constituting the offense should be stated with as much certainty as the nature of the case will admit, the deed of Holman should have been so described that it might be identified by the record if the defendants were subsequently indicted for the same offense.

The indictment being defective in these particulars, it is unnecessary to examine the other objections urged against it.

The judgment of the court of sessions in favor of the people must be reversed.

Judgment reversed.

Monroe General Term, December, 1851.   *Welles, Selden, and Johnson,* Justices.