State vs. Kube.

## STATE VS. KUBE.

*Criminal Law—Indictment—Venue—Obtaining money or goods on false pretenses—Larceny—Description of property—Variance—Good and bad counts—General verdict of "guilty."*

1. The venue for every issuable fact in a certain indictment (*vide infra*) held to be sufficiently laid.

2. It is charged that defendant obtained from an express agent a package directed to and intended for " Christian Kube" by falsely and fraudulently pretending that it was intended for " Christiana Kube," and that this was the name of his wife, and it was intended for her. *Held*, that these false pretenses were calculated to deceive a person of ordinary prudence and discretion; but whether this is necessary to constitute the offense, is not here decided.

3. It is alleged that the express agent, " then and there believing said false and fraudulent pretenses so made by [the defendant], and being deceived thereby, was induced, by reason of" said pretenses to deliver, and did then and there deliver, &c. *Held*, that this was a sufficient allegation that such agent believed such pretenses to be true, and relied upon their truth. *State v. Green*, 7 Wis., 676, explained.

4. The property is described in the first count as " a package of money containing the sum of sixty dollars in bank bills." *Held*, (1) That there is no repugnancy. Bank bills, which are current as a medium of exchange, are *mon*  (2) The allegation is equivalent to one that the package contained ban  ills to the amount of sixty dollars, which passed current as money. Th   was therefore a sufficient allegation of *value*.

5. A description of the property in the second count, as " a sealed package of the value of sixty dollars, of the proper goods, chattels and property of said Christian Kube," *held* not to be sufficiently certain.

6. The express agent, in consequence of the fraudulent representations of the defendant, having parted with the property absolutely, supposing that he was delivering it to the husband of the consignee or owner, the facts charged do not constitute *larceny*, but the crime of obtaining money or goods on false pretenses.

7. Where there are two counts, one good and one bad, a general verdict of guilty will be presumed to relate to the good count, and judgment thereupon will not be reversed for that reason, at least where the same penalty is prescribed for the offense charged in the one as for that charged in the other.

8. The property being described in the good count as "a package of money containing the sum of sixty dollars in bank bills," and the evidence not showing that the package contained bank bills, nor what it did contain, there was a fatal variance.

9. An instruction that "if the package contained anything that passed current at par as money, the offense charged in said count would be sustained," *held* to be erroneous.

REPORTED from the Circuit Court for *Jefferson* County.

Indictment for obtaining property under false pretenses. The first count alleges that at the time of the commission of the offense, "one Carlos A. Sprague was the agent of the American Express Company for the city of Watertown, in the county of Jefferson aforesaid, and as such agent had the management and control of the express office in said city of Watertown; that it was his duty, as such agent, to safely keep in said express office all such boxes, bundles, packages and articles as were transported by the said American Express Company for persons residing in or near the said city of Watertown, and to deliver the same to the persons to whom they were directed or for whom they were intended; that on or about the twentieth day of December, in the year of our Lord one thousand eight hundred and sixty-four, the said Carlos A. Sprague, as such agent of the American Express Company, received at the said express office in said city of Watertown, a package of money containing the sum of sixty dollars in bank bills, directed to and intended for one Christian Kube, a resident of the town of Watertown in the county of Jefferson aforesaid; * * * that *John L. Kube*, being a person of evil disposition, and designing and intending, by unlawful ways and means, to obtain and get into his hands and possession the moneys, valuable things, goods, chattels, personal property and effects of the honest and good people of the state of Wisconsin, on the twenty-fourth day of December" in said year, "at the city of Watertown in said county of Jefferson, with intent to defraud the said Christian Kube, did then and there, unlawfully, knowingly and designedly, falsely pretend and represent to the said Carlos A.

Sprague, that the said package of money containing sixty dollars in bank bills was intended for Christiana Kube—that Christiana Kube was the name of the wife of him the said *John L. Kube*—that said package of money was intended for his said wife—and that he, the said *John L. Kube*, was the husband of the person to whom the said package of money was meant to be directed, and for whom the same was intended; and that Carlos A. Sprague, then and there believing the said false pretenses and representations so made as aforesaid by the said *John L. Kube*, and being deceived thereby, was induced, by reason of the false pretenses and representations so made as aforesaid, to deliver, and did then and there deliver, to the said *John L. Kube* the said package of money directed to the said Christian Kube, containing sixty dollars in bank bills, of the proper moneys, goods, chattels and effects of the said Christian Kube; and that the said *John L. Kube* did then and there designedly receive and obtain the said package of money containing sixty dollars in bank bills, of the said Carlos A. Sprague, of the property, moneys, goods, chattels and effects of the said Christian Kube, by means of the false pretenses and representations aforesaid, and with intent to defraud him, the said Christian Kube, of the same moneys, goods, chattels and effects; whereas, in truth and in fact, Christiana Kube was not the name of the wife of him the said *John L. Kube*; and whereas, in truth and in fact, he, the said *John L. Kube*, was not the husband of the person to whom the said package of money was meant to be directed and for whom the same was intended; all of which said false pretenses he, the said *John L. Kube*, at the time of making the same as aforesaid, well knew to be false. And so the jurors aforesaid, upon their oaths aforesaid, do say that the said *John L. Kube*, by means of the false pretenses aforesaid, on &c. [as above], at the said city of Watertown, in the county of Jefferson aforesaid, unlawfully, knowingly and designedly did receive and obtain from the said Carlos A. Sprague, the said package of money containing sixty

dollars in bank bills, of the goods moneys and effects of the said Christian Kube, with intent then and there to defraud him, the said Christian Kube, of the same, contrary" &c.

There was a second count, which it is not necessary to set forth here.

After trial, defendant moved that the jury be instructed to bring in a verdict of acquittal for failure to prove the contents of the package as described in the first count, and for other reasons; but the motion was denied. There was a general verdict of " guilty;" a motion was made in arrest of judgment, and the cause was reported to this court for its opinion on several questions of law.

*Barber & Gill*, for defendant:

1. A venue must be laid for every material and issuable allegation. Barb. Cr. Law, 323; 1 Chitty Cr. Law, 196–8. In the first count the following allegations are without venue: (1.) That the package " was directed to and intended for one Christian Kube." (2.) That Sprague, " being deceived thereby, was induced by reason of the false pretenses" &c. (3.) That "with intent to defraud him" &c. (4.) All the allegations negativing the truth of the pretenses set forth in the first count. 2. Defendant is charged in the first count with obtaining " a package of money containing sixty dollars in bank bills." Bank bills are not money. It does not appear whether defendant is charged with obtaining a package of money or of bank bills. 3. The bank bills are not alleged to have been of any value. The language of our statutes is, "any money or goods, wares, merchandise or other property." Bank bills are not money; and are they within any other term of the statute unless they are of some value? 4. In the second count the description of the property is, " a sealed package directed to one Christian Kube," of the value of sixty dollars. This is void for uncertainty. *State v. Morey*, 2 Wis., 494; 1 Archb. Cr. Pl. (7th Am. ed.), 89*, note 1. 5. It is not alleged in the indictment that Sprague believed any of the false

pretenses to be true, or that he relied upon the truth thereof. *State v. Green*, 7 Wis., 677 et seq. 6. The indictment does not charge any offense. The representations charged to have been made by *Kube* were not such as Sprague had a right to rely upon. *State v. Green, supra;* Wharton's Cr. Law, §§ 2128–9. 7. If any offense is charged, it is larceny. 2 Archb. Cr. Pl., 372*; 3 Greenl. Ev., 165, § 160; *State v. Watson*, 41 N. H., 536–8. 8. It did not appear from the evidence what the package contained. This was a fatal variance as to the first count. *Hooker v. The State*, 4 Ohio, 350; *State v. McLain*, 2 Brevard, 443; *U. S. v. Keen*, 1 McLean, 441; *State v. Noble*, 15 Me., 476; Wharton's Cr. Law, 610, 629–30.

*Winfield Smith*, Attorney General, *contra*:

1. The indictment is sufficient. Whart. Prec., 243; 4 Denio, 525. 2. The venue is sufficiently alleged. *State v. Cotton*, 4 Fost., 144; *Skiff v. People*, 2 Parker, 139. 3. It is not necessary to allege that the property was of any value. *People v. Stetson*, 4 Barb., 153; Whart. Prec., 243 et seq.; 1 Chitty Cr. Law, 238; 2 Archb. Cr. Pr., 606. But the allegation that the package of money contained sixty dollars in bank bills, is a sufficient allegation of value. The facts alleged constitute the offense of obtaining money under false pretenses. *Regina v. Archer*, 33 Eng. L. & E., 528; *Comm. v. Call*, 21 Pick., 515; *State v. Mills*, 17 Me., 217; *Rex v. Story*, 1 Brit. C. C., 81; *Rex v. Asterley*, 7 Carr. & P., 191; *People v. Johnson*, 12 Johns., 292; *Britt v. State*, 9 Humph., 31; *Rex v. Young*, 3 Term, 98; *Rex v. Wilkins*, 2 East P. C., 673; *Skiff v. People*, 2 Parker, 139; Barb. Cr. Law, 134. 5. The offense was not larceny, because the goods were not obtained from the owner's possession, nor even from the servant or agent of the *owner*. 3 Greenl. Ev., § 161: *Rex v. Jackson*, 1 Moody C. C., 119; *Rex v. Parks*, 2 East P. C., 671. The bailee intended to part with the property and possession to the defendant. 2 Arch. Crim. Pl., Waterman's notes, p. 410.

COLE, J.  This is an indictment for obtaining property un-
der false pretenses.  The indictment consists of two counts.
There was a trial and a general verdict of guilty.  A motion
was made in arrest of judgment, and the cause has been report-
ed to this court for a decision upon several questions arising up-
on the indictment and motion in arrest.  A number of objec-
tions are taken to each count in the indictment.  We shall on-
ly notice those that we deem most important and material.

It is claimed that the first count is defective for the reason
that there is no sufficient venue to most of the material and
issuable averments contained therein.  Without stopping, how-
ever, to analyze the count, we will merely say that we think
the objection not well taken.  In our opinion, it does appear
from this count where the offense was committed.  A venue is
laid for every issuable fact, either in the margin or body of the
count, or by words of reference.

It is further claimed and insisted that the first count is bad
on account of the ambiguous and indefinite manner in which
the offense is stated.  It is alleged, in substance, in this count,
that one Carlos A. Sprague, the express agent at the city of
Watertown, received as such agent, on or about the 20th day
of December, 1864, a package of money, containing the sum
of sixty dollars in bank bills, which was intended for and di-
rected to one Christian Kube, and that this package the de-
fendant obtained from the agent by falsely pretending and rep-
resenting to him that the same was intended for Christiana
Kube, his wife.  Now it is said there is an ambiguity or re-
pugnancy in this statement, since bank bills are not money,
and therefore it does not appear whether the defendant is charg-
ed with obtaining a package of money or of bank bills.  This
objection assumes that the word " money " is only applicable to
coined metals, as gold, silver or copper; whereas the word is
as frequently and generally applied to bank bills or notes which
represent coin, or are a substitute for it, and pass current as a

medium of exchange and commerce. It was obviously used in the latter sense in the indictment, and there was therefore no repugnancy or uncertainty in speaking of a " package of money containing sixty dollars in bank bills." And this likewise disposes of another objection taken to this count, namely, that the bank bills are not alleged to have been of any value. The property obtained, it is alleged, was a "*package of money* containing the sum of sixty dollars in bank bills," which clearly implies that the bank bills were of value and passed current for money. The expression is equivalent to saying that the package contained bank bills or notes to the amount of sixty dollars, which bank notes passed current as money. Certainly there would be no propriety in saying that the property was a package of money, unless the bank notes had some value. And consequently, in order to give effect to the language used, we must assume that the bank notes were current and circulated as money in the commercial world.

As already stated, the false pretenses and representations by which the defendant obtained the property were, in substance, that the package of money was intended for Christiana Kube, the wife of the defendant; and it is contended that there is no sufficient averment in either count that the express agent believed these pretenses to be true, or relied on the truth of them when he surrendered or parted with the possession of the package. It is alleged that the " said Carlos A. Sprague, then and there believing the said false pretenses and representations so made as aforesaid by the said *John L. Kube*, and being deceived thereby, was induced by reason of the false pretenses and representations so made as aforesaid, to deliver, and did then and there deliver, to the said *John L. Kube* the said package of money," &c. This allegation shows that the point is not well taken, so far as the first count is concerned. For it is alleged that the express agent believed the false pretenses and representations so made to him, and was induced thereby to part with the package. Thus it seems that the false pretenses had a

State vs. Kube.

controlling effect upon the mind of the agent, and that it was solely by means of them that the fraud was consummated. Reference was made on the argument to the case of *State v. Green*, 7 Wis., 676, as laying down a stricter rule of pleading, and as deciding that the above allegation was insufficient. But we do not so understand the doctrine of that case. It appeared in the proof in that case, that the material representation and real false pretense of Green, which induced Wright and Paine to part with their money, was the draft upon Clark, Dodge & Co. This draft was not set forth in the indictment, as it should have been. But we do not think there is anything in that case, when rightly and fully apprehended, which supports the objection we are now considering.

Again, it is claimed that the facts charged in the indictment were not such as to constitute an offense under the statute, because the express agent had in his hands a package directed to one *Christian* Kube, and suffered himself to be persuaded that the package was misdirected; that is, the agent allowed the defendant to make him believe that the package was intended to be directed to one *Christiana* Kube. This representation, it is said, was a bold, naked lie, and was not of such a character as the agent had a right to rely upon, having the writing before him and the means at hand for detecting the fraud. There is some conflict of opinion whether the pretenses should of themselves be of a character which would naturally deceive a person of ordinary caution and prudence. See authorities referred to in the case of Green, *supra*. Whatever may be the correct rule upon that subject, we have no hesitation in holding that the false pretenses in this case were well calculated to deceive a person of ordinary prudence and discretion. How could the agent know that there had not been a mistake in writing the name on the package, and that the letter "a" had not been left off through ignorance or inadvertence? Such mistakes are very common. It is impossible to say that the pretense was so absurd or irrational that a person of common prudence and ~tion would have avoided the imposition.

Further it is said, if there is any offense set forth in the indictment, the facts show that it is the crime of larceny, and not that of obtaining money under false pretenses.    But this objection is manifestly unsound, for the plain reason that the express agent, in consequence of the fraudulent means used, parted with the package absolutely, supposing that he was delivering it to the husband of the consignee or owner.    This very distinction is clearly taken by Prof. GREENLEAF in the section to which the counsel for *Kube* referred.  The author says : "For, supposing that the fraudulent means used by the prisoner to obtain possession of the goods were the same in two separate cases, but in the one case the owner intended to part with his property absolutely, and to convey it to the prisoner, but in the other he intended only to part with the temporary possession for a limited and specific purpose, retaining the ownership in himself; the latter case alone would amount to the crime of larceny, the former constituting only the offense of *obtaining goods by false pretenses.*"    3 Greenl. Ev., § 160.      In *State v. Watson*, 41 N. H., 533, and 2 East's P. C., 671, the same distinction is made, and it is undoubtedly the law upon the subject. In this case there can be no doubt that the express agent willingly parted with the possession of the package, without any expectation of receiving it again, supposing he had delivered it to the proper person.

Some objections were taken to the second count of the indictment which do not apply to the first.    We shall not notice them in detail, since we are satisfied that the count is bad on account of the uncertainty in the description of the property. It is described as being " a sealed package of the value of sixty dollars, of the proper goods, chattels and property of the said Christian Kube."    It is laid down in many authorities, that in indictments for obtaining goods under false pretenses, the property should be described with as much accuracy and particularity as in indictments for larceny.    *The People v. Conger*, 1 Wheeler C. C., 448; Wharton's Crim. Law, sec. 2155; Whar-

ton's Prec. Ind., p. 243, note (i).    And see *State v. Morey*, 2 Wis., 494.    However this may be, we are satisfied that such a general description of the property as is given in the second count ought not to be tolerated.    Nothing is averred as to the contents of the package, whether they were bank bills, bonds, promissory notes or title deeds.    The property should be described, at least in part, with such certainty as to enable the jury to decide whether the chattel proved to have been obtained is the same as that upon which the indictment was founded.    See *The State v. Edson*, 10 Lou. Ann. R., 229 ; *Rex v. Carson*, Rus. & Ry. C. Cases, 303 ; *Rex v. Furneaux*, id., 335 ; *Rex v. Tyers*, id., 402 ; *Dord v. The People*, 9 Barb., 671.    But although the second count is bad, and there was a general verdict of guilty, yet the law seems to be well settled that this is no reason for reversing the judgment, at least when the same punishment is prescribed for the offense stated in each count.    Wharton thus states the rule : " The practice both in England and this country has always been, where there has been a general verdict of guilty on an indictment containing several counts, some bad and some good, to pass judgment on the counts that are good, on the presumption that it was to them that the verdict of the jury attached."    Amer. Crim. Law, section 3047.

The only remaining question is that which relates to the ownership of the property ; and this appears to have been fairly submitted to the jury upon the evidence.    That there was evidence tending to show that the money belonged to Christian Kube, cannot be denied.    It was for the jury to determine the effect of this testimony.

We have not alluded to all the points made by the counsel for the defendant on the argument; but it is believed that the above remarks dispose substantially of the most important ones.

It follows from these views, that the exceptions of the defendant must be overruled and the cause be remanded to the circuit court, with directions to proceed and render judgment according to law on the good count in the indictment.

*By the Court.*—Ordered accordingly.

State vs. Kube.

A motion for a rehearing was afterwards granted, and the following opinion filed:

COLE, J. A motion for a rehearing is made in this case, on a point overlooked in the above opinion. It will be seen that the property is described in ths first count as "a package of money containing the sum of sixty dollars in bank bills." The evidence did not very clearly show what the package contained, or that it contained bank bills. In view of this state of the proofs, the court was requested to charge the jury, that there was a material and fatal variance between the indictment and the evidence offered; it not being shown that the package contained bank bills, nor what it did contain. The court, however, refused to give the instruction, but charged that the term "money," in the statute against obtaining property by false pretenses, is used in its general sense, and that if the jury should find that the package alleged to have been obtained by the defendant contained anything that passed or circulated current and at par *as money*, it was immaterial whether it was bank bills, gold, silver or what would constitute legal tender; the offense charged in the first count would be sustained. We think this instruction erroneous. The defendant was charged with the offense of obtaining by false pretenses a package of money in "bank bills." This was the description of the property stated in the first count. Would proof that he obtained a package of money in gold or silver coin meet this allegation? It appears to us that it would not. Nor do we think the words "bank bills" could be rejected as unnecessarily introduced. They are descriptive of the property in the package.

*By the Court.*—The motion for a rehearing is granted.