THE STATE *v.* PRYOR.

CRIMINAL LAW.—*Obtaining Signature by False Pretenses.*—An indictment for obtaining by false pretenses the signature of a person to a promissory note payable in bank to the order of the defendant, for the purpose of raising money thereon for the sole benefit of the defendant, without consideration, being accommodation paper, was held good.

*Held,* also, that the offense was complete when the signature was obtained, by false pretenses, with intent to cheat or defraud another, and that it was not essential to the offense that actual loss or injury should have been sustained.

SAME.—The indictment charged, with proper qualifying averments, that the defendant stated that his indebtedness was but $2,000, when he knew it to be $12,000; and that his property was unincumbered by debts, when, as he well knew, it was under executions and judgments to the amount of $6,000. *Held,* that these were representations of material facts, and sufficient.

APPEAL from the Cass Circuit Court.

RAY, C. J.—Indictment charging that the appellee did, at, &c., on, &c., unlawfully, feloniously, designedly, and with

intent to defraud one Robert Belew of his goods, chattels, money, and property, obtain the signature of the said Belew to a certain written instrument, to wit, to a promissory note for the sum of two hundred dollars, payable three months after date, at the Logansport National Bank, to the order of the said Richard Pryor, under the name and style of R. Pryor, dated December 10th, 1867, for the purpose of raising money on the same, for the sole benefit of him, the said Richard Pryor, the said note being so obtained from the said Robert Belew wholly without consideration, and being what is commonly called accommodation paper, by then and there unlawfully, feloniously, knowingly, falsely, and designedly pretending and representing to him, the said Robert Belew, that he, said Richard Pryor, was then and there solvent; that the goods, wares, and merchandise which he, the said Richard Pryor, then and there had in his store at Logansport, State of Indiana, would more than pay off all his indebtedness, and that his, said Pryor's, property, was free and unincumbered; that he, said Pryor, was then and there the owner of a certain mortgage for the sum of two thousand dollars, which would pay off all of his indebtedness a second time; that he, said Pryor, had his life insured for two thousand dollars, which sum, in the event of said Pryor's death, would pay off all of said Pryor's indebtedness a third time; that he, said Richard Pryor, did not then and there owe debts to exceed the sum of two thousand dollars, and that he, said Pryor, owned property to exceed that sum, to wit, two thousand dollars, free and unincumbered by debts. It is averred that said Robert Belew believed the said false pretenses and representations so made, and being deceived thereby, was, by reason of said representations and pretenses, induced to sign said note, and upon no other consideration whatever; and that said Pryor did then and there obtain and receive the said Belew's signature as aforesaid, feloniously and designedly, by means of the said false representations and pretenses, with intent feloniously to cheat

and defraud the said Belew of his goods, &c.    The indict-
ment then denies the truth of all the representations made,
charging that said Pryor was then, and well knew himself
to be, indebted in the sum of twelve thousand dollars, and
that in fact, as he well knew, his property was incumbered by
judgments and executions in the sum of six thousand dol-
lars.

A motion to quash the indictment was sustained.    From
this ruling of the Circuit Court the State appeals.

The 27th section of the act defining felonies (2 G. & H.
445) provides that, "if any person, with intent to defraud
another, shall designedly, by color of any false token or
writing, or any false pretense, obtain the signature of any
person to any written instrument, or obtain from any per-
son any money, transfer, note, bond or receipt, or thing of
value ; such person shall, upon conviction thereof, be im-
prisoned," &c.

Under a statute to the same effect in New York, it was
held that the offense is complete when the signature is ob-
tained by false pretenses, with intent to cheat or defraud
another, and that it is not essential to the offense that
actual loss or injury should be sustained.    In that case the
distinction is taken between the case of *The People* v. *Stone*,
9 Wend. 190, under a former act of the legislature, and the
case then under consideration, which was governed by a
statute like our own.    In the case of *The People* v. *Stone*,
the offense charged was the obtaining an indorsement
upon several notes by false pretenses, and a doubt was
expressed whether a note thus obtained, where no use was
made of it, would be considered either money, goods, or
chattels, or a valuable thing; but it was held that the later
statute rendered the offense complete when the signature
was obtained.    *The People* v. *Genung*, 11 Wend. 18.

In the case of *The People* v. *Galloway*, 17 Wend. 540, it
was held that the instrument to which the signature was
obtained must be of such a character as that it may work a

prejudice to the property of the person affixing the signature, or of some other person.

The same court, in ruling upon the same statute in *The People* v. *Crissie,* 4 Denio, 525, determined that it need only appear that the instrument, on its face, is one calculated to prejudice the party who has signed it, though on the facts stated in the indictment it would be void for fraud.

These cases fully sustain the view we take of the statute. The note in this case was negotiable so as to protect an innocent holder, and even the fraud practiced in obtaining the signature of Belew would not have protected him from the liability. The indictment also charges the intent to have been to raise money upon the note. The representations are of facts, not promises; and all estimates of values placed by appellee upon his goods may be disregarded, and still the material facts remain :—the statement of his indebtedness at but two thousand dollars, when he knew it to be twelve thousand dollars ; that his property was unincumbered by debts, when it was under executions and judgments to the amount of six thousand dollars, as he well knew. The statements were made of facts which must have been within the knowledge of the appellee, and which the person who was thereby deceived had a right, as a prudent man, to rely on and accept as true and act upon.

We are of opinion that the motion to quash should have been overruled. The judgment is reversed, and the cause remanded for further proceedings.

*D. E. Williamson,* Attorney General, for the State.

*F. Swigart* and *J. M. Pratt,* for appellee.