# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* WILLIAM COOK, APPELLANT.

*Criminal law — indictment for obtaining money by false pretenses — 2 R. S., 677, sec. 53 — when it need not allege injury done to any person — what evidence admissible to prove the intent and purpose of the accused.*

The defendant was tried, convicted and sentenced upon an indictment charging that he, with intent to cheat and defraud one Little, did feloniously, unlawfully and designedly falsely pretend and represent to him that a certain promissory note, made by one Albert Pike for $450, payable to the defendant, was made by one Albert Pike, who lived in a certain stone-house in the town of Concord, and that it was not made by a certain other man by that name residing in such town; that Little believing such false pretenses and representations, and being deceived thereby, was induced by reason of them to, and did, deliver to the defendant, who received $400 in money of him by means of such false pretenses with the intent feloniously to cheat and defraud Little of that sum. The counsel for the defendant moved at the trial to quash the indictment on the ground that it did not allege that any one was injured, wronged or harmed by the pretenses, as it was not charged that the one Pike was responsible and the other irresponsible.

*Held,* that the motion was properly denied as the indictment contained all the allegations required by the statute (sec. 53 of 2 R. S., 677) to constitute the offense with which the defendant was charged.

Upon the trial the prosecution was allowed to give evidence as to the responsibility of the person so represented to be the maker of the note, and that of the person who did make it, against the objection of the defendant that these facts were not set forth in the indictment.

*Held*, that the evidence was properly received as tending to characterize the purpose and intent with which the defendant made the false pretenses.

That it was not error to permit the maker of the note in question to testify as to the giving of it to the defendant, and the circumstances under which this was done, as the evidence bore upon the conduct and alleged intent of the defendant.

APPEAL from a judgment of the Cattaraugus Sessions, convicting the defendant of the crime of obtaining money by false pretenses.

The indictment charged that the defendant, with intent to cheat and defraud one Thomas Little, did feloniously, unlawfully and designedly falsely pretend and represent to him that a certain promissory note, made by one Albert Pike for $450, payable to the defendant, was made by one Albert Pike, who lived in a certain stone-house in the town of Concord, county of Erie, and that it was not made by a certain other man by that name residing in such town ; that Little believing such false pretenses and representations, and being deceived thereby, was induced by reason of them to, and did, deliver to the defendant, who received $400 in money of him by means of such false pretenses with the intent feloniously to cheat and defraud Little of that sum. And the alleged false pretenses and representations are by suitable allegations negatived.

The defendant was tried, convicted and by the judgment of the court sentenced to imprisonment for six months and to pay a fine of $500, and to stand committed until it was paid, not exceeding one day for each dollar. The defendant appealed.

*Ansley & Davie*, for the appellant.

*G. M. Rider*, district attorney, for the respondent.

BRADLEY, J. :

The defendant's counsel moved at the trial to quash the indictment on the ground, that it did not contain the requisite allegations to constitute an offense, in that it did not allege that any one was wronged, harmed or injured by the pretenses and representations

charged to have been made, although false, as it did not charge that the one Pike was responsible and the other irresponsible. And such is the contention on the part of the defendant here.

The offense is given by statute, which provides that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property or valuable thing, upon conviction thereof shall be punished," etc. (2 R. S. 677, § 53.)

The requisites prescribed by the terms of the statute do not embrace injurious consequences as an element of the crime, further than may be implied by the fact of obtaining money or property by means of false pretenses used with intent to cheat and defraud. The matters alleged in the indictment would not constitute a criminal offense at common-law. That required that an indictable fraud was only such as affected the public, such as resulted from the use of false weights, measures or tokens, etc. (*People* v. *Babcock*, 7 Johns., 201; *People* v. *Miller*, 14 id., 371.) But more than 100 years ago the crime was extended in England so as to embrace private frauds, by statute, of which that of this State is substantially a transcript. And in the early adjudications under that of this State, the cases arising upon the English statute were frequently cited as authority. (*Young* v. *The King*, 3 Durn. & E., 98; *People* v. *Johnson*, 12 Johns., 292.) And the cases in that country and this have been quite uniformly to the effect that the provisions of the statute contain all the requisites for the substantial allegations of an indictment for an offense created by it. (*People* v. *Genung*, 11 Wend., 18; *People* v. *Crissie*, 4 Denio, 525; *People* v. *Higbie*, 66 Barb., 131; *Thomas* v. *People*, 34 N. Y., 351; *Young* v. *The King, supra; The Queen* v. *Kenrick*, 5 A. & E. [N. S.], 49; *Reg.* v. *Jennison*, 9 Cox's Crim. Law Cases, 158.) But the false pretenses alleged must be such that they may operate prejudicially, and if it appear that they cannot prejudice the person to whom they are applied no offense is charged.

In *People* v. *Galloway* (17 Wend., 540) the deed to which the signature of a married woman was thus obtained, not being acknowl-

edged by her was void and necessarily ineffectual for any purpose, and could not be prejudicial to her. It was, therefore, held that the procuring of such defective execution of the deed by her by means of false pretenses constituted no crime within the statute. (And see *Dord* v. *People*, 9 Barb., 671.)

In *People* v. *Clough* (17 Wend., 351) false pretenses were used to obtain charity, and it was held that the obtaining money by the applicant for that purpose by such means was not a criminal offense, as they called upon the donor to perform a moral duty only, arising out of compassion, and that the statute was designed only to protect persons in their commercial dealings; and in *People* v. *Thomas* (3 Hill, 169) the false pretenses induced the performance of a legal duty, and for that reason constituted no criminal offense.

In the case at bar, the representations alleged to have been made, with the intent to cheat and defraud the party who was thereby induced to part with his money, were that the note presented was made by a particular person, when in fact it was not, but was made by another having the same name. The obtaining money by such means was clearly within the statute, and the indictment contains all the elements of crime required by its provisions, and although there is no allegation that the maker of the note was less responsible than the person represented as the maker, yet it charges that the person to whom they were made, was induced by the false pretenses to part with his money, and that they were made with intent to cheat and defraud him, and it may be that he was prejudiced. The purpose of the statute is to protect against imposition and not to permit guilt to depend upon the uncertainty of the determination of the question whether any pecuniary injury necessarily resulted in some view which might be taken of the situation. The indictment alleges, that the person applied to by the defendant was induced to take the note on the credit of the party who was represented to him as the maker. It cannot be inferred that he would have done so on the credit of the person who had in fact executed the note. The question of their relative responsibility was not necessarily a substantial element in the constituents of the statutory crime and, therefore, it was not necessary to allege it. The motion to quash the indictment was properly denied.

The prosecution gave evidence in respect to the responsibility of

the person so represented as the maker of the note, and of the person who did make it, to which objection and exceptions were taken by the defense; and it is contended that the reception of this evidence was error because those facts were not the subject of allegation in the indictment.

It is true, as claimed, that all the matters essential to the offense must be alleged, and that no evidence or facts relating to it are competent except as they are in support of those allegations, that is to say, evidence will not be permitted of facts not within the matters alleged in the indictment. (*Barber* v. *People*, 17 Hun, 366; *People* v. *Gates*, 13 Wend., 311.) The question of intent of the defendant to cheat and defraud by the use of the representations and pretenses, was one essential fact of the crime, and this evidence was competent and proper upon that allegation of the indictment and in support of it. The responsibility of the one represented as the maker, and the want of means of the person who was the maker of the note, if known to the defendant, went to characterize his purpose and intent in making use of the false pretenses to get the money, and it was incumbent upon the prosecution to establish by evidence the criminal intent of the defendant. (*Clark* v. *People*, 2 Lans., 331; *Wood* v. *People*, 53 N. Y., 511.)

It was not error to permit the maker of the note in question to testify to the transaction of the giving it to the defendant, and the circumstances under which it was made, and that as part of the transaction he also then signed and delivered to the defendant two other notes. It appears by this evidence that this person then made three notes amounting in all to $1,000, to do which he was supplied by the defendant with pen and ink at the saw-mill where the maker was at work; that the notes were given for mowing machine stock which he never received from the defendant, and that at the time the notes were made by him and taken by the defendant the latter said he would take care of them, but did not state the purpose for which he intended to use the notes. The fact that the defendant obtained the two other notes was not important, but it was a proper subject of inquiry as bearing upon the conduct and alleged intent of the defendant. We have examined all the exceptions taken to the reception and rejection of evidence, and to the charge as made, and refusals to charge as requested, and think no error was presented

by any of them. The charge made to the jury presented fully and fairly the propositions for their consideration, and what was required to constitute the offense. And the proposition of the request to charge made by the defendant's counsel had been substantially covered by the charge as made.

Upon the merits the evidence was sufficient to justify the conclusion and verdict of the jury. And no occasion appears for granting a new trial.

The judgment should be affirmed, and the proceedings remitted to the Court of Sessions of Cattaraugus county.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment and conviction affirmed, and proceedings remitted to the Court of Sessions of Cattaraugus county to proceed thereon.