THE STATE vs. BLACK.

*December 13, 1889 — January 7, 1890.*

*False pretenses: Obtaining "property:" Board and lodging.*

The defendant engaged board and lodging without any agreement as to when payment should be made. After several weeks, when a bill was presented to him, he falsely stated that he had money on deposit at a certain place, which he expected every day, with which to pay for such board. On the strength of this representation he was allowed to remain and continue such board, for which he never paid. *Held,* that he was not guilty of obtaining "goods, wares, merchandise, *or other property,*" within the meaning of sec. 4423, R. S.

REPORTED from the Circuit Court for *Waukesha* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that the defendant and his wife went to the hotel of one Dillenbeck, October 25, 1888, and engaged board and lodging for himself and wife at a fixed price per week; that nothing was said at that time as to when payment should be made; that it was stated by the defendant, in effect, that he might remain only for a short time, or indefinitely; that thereupon the defendant and wife began and continued boarding with Dillenbeck, at his hotel, from October 25, 1888, to November 18, 1888, when Dillenbeck presented a bill for board, whereupon the defendant stated to Dillenbeck that he had no money then with which to pay the bill, but that he had money on deposit in the Monroe bank, at Monroe, Wisconsin, which he expected every day, with which to pay such board; that Dillenbeck testified that he relied upon such representations, and upon the strength thereof permitted the defendant to remain and continue such board until March 1, 1889, when he left without paying for his board; that the defendant

had no money on deposit in the bank, as stated; that thereupon the defendant was charged with obtaining goods, wares, merchandise, and provisions, in the form of board for himself and wife, from November 18, 1888, until February 1, 1889, and for himself alone thereafter until March 1, 1889, all of the value of $100, the property of said Dillenbeck, by falsely pretending and representing to said Dillenbeck that the said defendant had money on deposit, as stated.

Upon the trial of such issue the defendant was convicted, and the trial judge has reported to this court for answer the two following questions, to wit:

" (1) Was the board and lodging herein obtained under aforesaid circumstances, such property as for the receiving of which the defendant can be found guilty of a .violation of section 4423 of the Revised Statutes?

" (2) Were the representations such as would justify, under the circumstances, the complaining witness, Dillenbeck, in relying upon them, without any inquiry as to the truth of the same, before he furnished defendant any value upon strength of said representations? "

The cause was submitted for the state on the brief of the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and for the defendant on that of *T. E. Ryan*.

As to the first question the following authorities were cited on behalf of the state: *People v. Stone*, 9 Wend. 182; *State v. Snyder*, 66 Ind. 203; *Reg. v. Gardner*, D. & B. 40; 2 Bish. Cr. Law, secs. 476 *et seq.;* 2 Whart. Cr. Law, sec. 1204; Laws of 1889, ch. 251.

Counsel for the defendant contended, *inter alia*, that the board and lodging were had under a contract properly made, and the subsequent statements of the defendant could at most have secured but an extension of the contract. The obtaining of a contract under false pretenses is not a violation of sec. 4423, R. S.; and the obtaining of the

board and lodging was too remotely the result of the false pretenses. *Reg. v. Gardner*, D. & B. 40; *Reg. v. Bryan*, 2 F. & F. 567; *Morgan v. State*, 48 Am. Rep. 55; Whart. Cr. Law, sec. 2122. The property must be of such a nature as to be the subject of larceny and that the title may pass at the time the pretenses are made. *State v. Anderson*, 47 Iowa, 142; 3 Archb. Cr. Pr. & Pl. 167; 3 Greenl. Evi. sec. 160; 2 Whart. Cr. Law, sec. 2149; *Cline v. State*, 43 Tex. 494; *Vickery v. State*, 19 id. 326.

CASSODAY, J. Sec. 4423, R. S., punishes the obtaining of property or a signature under the circumstances therein mentioned. The question here presented relates entirely to the obtaining of property. So much of that section as pertains to that question reads: "Any person who shall *designedly*, by any *false pretense*, or by any privy or false token, *and with intent to defraud*, *obtain* from any other person any money, goods, wares, merchandise, or other property, . . . shall be punished," etc. To sustain a conviction under this section four things must concur. It sufficiently appears from the record that three of those things co-existed in the case at bar,— that is to say it sufficiently appears that the defendant (1) "designedly," (2) by means of the false pretense mentioned, (3) "and with intent to defraud," obtained the board and lodging mentioned. The only question, therefore, requiring consideration here is whether the obtaining of such board and lodging was, in legal effect, the obtaining of "money, goods, wares, merchandise, *or other property*," within the meaning of the section.

From the very wording of the statute it is manifest that no complete offense can be committed under it until the "money, goods, wares, merchandise, or other property" is actually obtained by the offender. This being so, it is equally obvious that if the statute applies to the obtaining

of board and lodging, then each meal of board obtained constitutes a separate offense; and the same would be true of each night's lodging.   If the section applies to board and lodging, then, for the same reason, it would apply to almost any service or use.   Another serious difficulty with such application in the case at bar is the absence from the record of any certain and definite description of the property actually obtained.   Many of the authorities hold that in the information or indictment in such cases "the property should be described with as much accuracy and particularity as in indictments for larceny." *State v. Kube*, 20 Wis. 225; *S. C.* 91 Am. Dec. 395. ₀ Where the description of the property is uncertain, the defect is fatal.   *Ibid.*   We are to remember that it is a criminal statute we are construing. It should not be so construed as to multiply crimes, unless required by the context.   The word "property" is, in many cases, construed to include "things in action and evidences of debt."   Subd. 3, 4, sec. 4972, R. S.   But the words "other property," in the statute quoted, must, under the familiar rule, *noscitur a sociis*, be limited to such tangible classes of property as are therein previously enumerated; that is to say, "money, goods, wares, merchandise, and other property" of that description.   This rule has frequently been applied by this court, especially to penal statutes. *Jensen v. State*, 60 Wis. 582, and cases there cited.   See, also, *Gibson v. Gibson*, 43 Wis. 33; *Estate of Kirkendall*, 43 Wis. 179; *Kelley v. Madison*, 43 Wis. 645.

The principle governing the case at bar is somewhat similar to that involved in *People v. Haynes*, 14 Wend. 546; *S. C.* 28 Am. Dec. 530.   In that case merchandise was purchased, and placed by the seller in a box, marked with the buyer's name and address, and delivered to the carrier named by the purchaser, to be delivered at his residence; but the seller, before delivering the shipper's receipt and invoice, having learned that the purchaser was embarrassed,

asked him in regard thereto, whereupon the buyer made false and fraudulent representations as to his condition, and, in consequence thereof, the seller delivered to the buyer the shipper's receipt and invoice, and did not stop the goods *in transitu;* and it was held that the buyer was not criminally liable for obtaining the goods by false pretenses, since the goods were in law obtained when they were delivered to the carrier, which was before the false pretenses were made.

The construction of the statute indicated has additional force from the fact that the same section punishes the obtaining by false pretenses of a signature to a written instrument, the false making whereof would be punishable as forgery. Sec. 4423, R. S. This clearly covers some "things in action and evidences of debt," and by necessary implication excludes others, as, for instance, a mere credit, as here. We must hold that the words "or other property" do not include the mere obtaining of board and lodging under the circumstances stated.

The result is that the first question propounded is answered in the negative. This renders it unnecessary to answer the second question.

*By the Court.*— Ordered accordingly.