## UNITED STATES v. NEWTON et al.

*(District Court, S. D. Iowa, C. D. November 17, 1891.)*

1. CONSPIRACY TO DEFRAUD THE UNITED STATES—TRANSPORTING MAILS—INDICTMENT.
  Rev. St. U. S. § 5440, provides that "if two or more persons conspire, either to commit any offense against the United States, or to defraud the United States in any manner, or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable," etc. Rev. St. U. S. § 4002, provides that railway companies shall be paid for carrying the mails upon a basis of the average weight carried; such weight to be ascertained by actually weighing the mail carried during a certain number of days, to be fixed by the postmaster general. *Held,* that an indictment charging railway officials with conspiring to deceive the postal officers and defraud the United States by sending over the line a large amount of old newspapers, etc., in order to increase the mails at a time when they were being weighed, is sufficient, under section 5440, since it describes a conspiracy to commit the "offense against the United States," which is defined by Rev. St. U. S. § 5438, providing a punishment for any persons combining to defraud the United States by "obtaining, or aiding to obtain, the payment of any false or fraudulent claim."

2. SAME.
  It was not necessary that the indictment should aver that the contemplated fraud was successful, or the fraudulent mail matter of sufficient weight to entitle the railway company to increased compensation, or that the forwarding of the matter would not be continued beyond the period fixed for weighing the mails.

3. SAME.
  An indictment of railway officers for conspiring to defraud the United States, by "deceiving the officials" having charge of the mails as to the amount of mail matter carried over the line, need not aver what particular officer was intended to be deceived.

At Law. Indictment for conspiracy to defraud the United States. On demurrer to indictment. Overruled.

*Lewis Miles,* Dist. Atty., for the United States.

*Kauffman & Guernsey,* for defendants.

Before SHIRAS and WOOLSON, JJ.

SHIRAS, J. By section 5440 of the Revised Statutes it is enacted that—

"If two or more persons conspire, either to commit any offense against the United States, or to defraud the United States in any manner, or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable," etc.

Section 4002 provides the method by which the compensation to be paid to railway companies for the transportation of mail matter is to be ascertained, the average weight of the matter transported being the controlling factor; and, for the purpose of ascertaining such weight, it is enacted that the average weight is to be ascertained by the actual weighing of the mails for such a number of successive working days, not less than 30, and at such times as the postmaster general may direct, but not less frequently than once in four years.

In the indictment now under consideration it is charged that John C. Newton was, at the times therein named, the vice-president and general manager of the Des Moines & Kansas City Railway Company, a corporation engaged in operating a line of railway from Des Moines, Iowa, to Cainsville, Mo., and over which line the public mails of the United

States were and are transported; that, for the purpose of ascertaining and fixing the rate of compensation to be paid by the United States to said railway company for the transportation of the mails over its line of road from and after July 1, 1891, the proper officers of the postal department ordered that the mail matter passing over the line of said railway should be weighed for 30 successive working days from and after April 1, 1891, and that such weighing was done in accordance with such lawful order, and for the purpose aforesaid; that the defendants well knew that such weighing of the mails was about to be made for the purposes aforesaid, and, for the purpose of deceiving the officials of the United States having charge of such weighing of the mails, and for the purpose of defrauding the United States by falsely causing it to appear that the average weight of mail matter transported over such line of railway was largely in excess of the actual average amount usually carried over such road, and thereby causing the United States to pay to said railway company a compensation largely in excess of the amount actually earned, the said defendants did conspire together to defraud the United States, by sending, and causing to be sent, over such line of railway, during the days the mail matter thereon was being weighed, a large amount of old newspapers, periodicals, and other like materials, weighing many hundred pounds; the same being so sent, not for the purpose of being delivered to the parties to whom it was addressed, for their use and benefit, but solely that it might be weighed during transportation, and thus fraudulently increase the weight of mail matter for which the company would be paid after the transportation of such material had ceased. To this indictment a demurrer has been filed upon several grounds, the principal one being that the object of the conspiracy is not shown to be criminal, under the laws of the United States, nor is it made to appear that the means made use of or contemplated in the carrying out of the conspiracy were in themselves criminal.

A very able argument has been made by the counsel for the defendants in support of the propositions that to make out a case of indictable conspiracy to defraud the United States, under the provisions of section 5440, above cited, it must appear that the object of the conspiracy is to accomplish some act which the laws of the United States declare to be a crime or fraud; that it is not competent for the court or jury to define the acts which, if brought about, or attempted to be brought about, by means of a combination or conspiracy, will constitute a crime under this section, as being a criminal fraud; that to constitute a crime it must appear that when the acts complained of were done there was in existence a statute forbidding the doing thereof; that it cannot be supposed that congress, in enacting the general terms found in section 5440, relative to a conspiracy to defraud the United States, meant to declare that all acts which a jury might find would work a fraud upon the United States were therefore to be deemed crimes, and to be punishable as such, but that the true construction of the section is to hold that the same forbids and punishes all conspiracies to commit any offense against the United States,—that is, a conspiracy to do an act, which, if done, would itself be

a violation of the criminal laws of the United States,—and further, all conspiracies to do acts or accomplish results which are forbidden by the statutes of the United States, and which, if done or accomplished, would defraud the United States in any manner, or for any purpose. In support of these views are cited, among others, *State* v. *Jones*, 13 Iowa, 269; *State* v. *Potter*, 28 Iowa, 555; *State* v. *Stevens*, 30 Iowa, 391; *U. S.* v. *Cruikshank*, 92 U. S. 542; *U. S.* v. *Britton*, 108 U. S. 199, 2 Sup. Ct. Rep. 531; *In re Wolf*, 27 Fed. Rep. 606; *U. S.* v. *Watson*, 17 Fed. Rep. 145.

Without entering upon a specific discussion of the general propositions thus advocated by counsel 'for defendants, we may say that we do not concur in the practical conclusions sought to be based thereon. We have cited so far only the provisions of section 5440, because counsel assume that the same constitute the only foundation for the present indictment; but this is not the logical result of the very line of reasoning employed by counsel in support of the general propositions already stated. If the object sought to be accomplished by the alleged conspiracy to defraud is declared to be a punishable crime by any section of the statute of the United States, then counsel admit that, under section 5440, an indictment charging a conspiracy to defraud the United States by means of some act, which, if done, would be thus punishable, is sustainable, it being also charged that some overt act in furtherance of the conspiracy has been done. What then, in fact, does the indictment aver was the object of the conspiracy charged against the defendants? Briefly stated, the object of the conspiracy is averred to be the aiding the Des Moines & Kansas City Railroad Company in obtaining payment from the United States of a false and fraudulent claim for services in transporting the public mails over the line of its railway. The means by which it was proposed to accomplish this end are fully set forth in the indictment, and the statement of the means employed show that, if they had been permitted to work out their intended and natural consequences, there would have been obtained from the United States the payment of a false and fraudulent claim,—false, because it would have included a large amount never earned, and fraudulent, because such amount had been intentionally increased by the nefarious means set forth in the indictment. The object of the conspiracy was not, as is suggested by counsel, to increase the amount of mail matter passing over the line of railway, but to increase the amount of the claim against the United States for the transportation of mail matter over such railway from and after July 1, 1891, or, in other words, the defendants are charged with the offense of entering into a combination or conspiracy to defraud the United States, by aiding the Des Moines & Kansas City Railroad Company in obtaining payment of a false and fraudulent claim, which would be a violation of the provisions of section 5438, which enacts that "every person * * * who enters into any agreement, combination, or conspiracy to defraud the United States, or any department or officer thereof, by obtaining, or aiding to obtain, the payment of any false or fraudulent claim," shall be punished by fine or imprisonment; in other words, the entering into

any agreement or combination to obtain, or aid in obtaining, the payment of a false or fraudulent claim from the United States is declared, by this section of the statute, to be a criminal defrauding of the United States, to be punished by fine or imprisonment. Therefore, an indictment which charges two or more parties with entering into a conspiracy to defraud the United States, by means of a combination to obtain, or aid in obtaining, the payment of a false or fraudulent claim from the United States, the doing of some overt act in furtherance of the conspiracy being also charged, is sustainable under the provisions of section 5440, according to the doctrine of the authorities relied on by counsel for defendants, and no good reason is now perceived why it would not be good under the provisions of section 5438. The indictment under consideration in apt language avers that the defendants conspired together to defraud the United States by means of a combination or agreement between themselves and others, whereby they purposed to place, or caused to be placed, in the mail-car used for transporting the mail over the line of the Des Moines & Kansas City Railroad Company, during the days when the weighing of the mail matter was to be done under the orders of the postal authorities, a large amount of old newspapers, the same not being mailed for any legitimate purpose, but solely that thereby the claim on behalf of the railway company for compensation for carrying the mails after July 1, 1891, should be largely and fraudulently increased, and that thereby the railway company would be enabled to obtain from the United States payment of a false and fraudulent claim, and the overt acts done in furtherance of such fraudulent conspiracy are set forth at length; in other words, the indictment charges a conspiracy to defraud the United States by means of an agreement or combination intended to aid the Des Moines & Kansas City Railroad Company in obtaining payment of a false and fraudulent claim for mail service from the United States; and, as the combining or agreeing together to obtain payment from the United States of a false or fraudulent claim is itself a crime defined in the statutes of the United States, the indictment in this case contains all the requisites contended for in the argument of counsel for defendants and the authorities cited in support thereof.

It is further contended in support of the demurrer that the indictment is fatally defective in that it is not averred that the defendants conspired to deceive any named person, or that it was the purpose of the conspiracy to secrete the object and purpose of the conspiracy; that it is not shown that necessarily the United States would have been defrauded, as the postal authorities were not bound by the weighing done during the named 30 days, but might have ordered another weighing; that it is not averred that the matter illegally weighed was of a weight sufficient to have entitled the railroad company to increased compensation; or that it was not contemplated that the mail matter illegally forwarded should be continued to be forwarded after the expiration of the 30 days during which the weighing was done. None of these exceptions are well founded. To sustain a charge of conspiracy to defraud, it is not necessary to show that the contemplated fraud has been carried

to a successful issue, nor, when the charge is of a conspiracy to defraud the United States by aiding in obtaining payment of a false claim, is it necessary to prove that payment was in fact obtained, nor is it required that the indictment should aver what particular official might have been deceived if the conspiracy had been carried to a successful issue. If the indictment was intended to charge a conspiracy to defraud some particular person, by practicing a deceit upon him, then, as argued by counsel, it might be necessary to aver the particulars of the intended deceit, and that the same would operate to deceive the named person; but the indictment against the present defendants charges a conspiracy to defraud the United States, the means to be employed being the aid given the railway company in obtaining payment from the United States of a false claim for services in transporting the mails. The indictment avers the party intended to be defrauded, to-wit, the United States, and that is all that is required in this particular.

Without further extending this opinion, it is sufficient to say that we think the indictment charges an offense against the laws of the United States, and states the facts relied on with fullness of detail sufficient to advise the defendants of the accusation laid against them. This being so, the demurrer thereto must be overruled; and it is so ordered.

WOOLSON, J. I concur in the foregoing opinion.