## THE STATE v. POTTER.

1. Criminal law: CONSPIRACY: INDICTMENT. To constitute a valid indictment, the particular circumstances of the offense must be charged when they are necessary to constitute a complete offense.

2. —— RULE APPLIED. An indictment for conspiracy, under section 4408 of the Revision, charged the offense in the following words: "The said J. B. F. and S. D. P., late of, etc., on, etc., at, etc., unlawfully and feloniously did conspire and confederate together, with the fraudulent intent to do an illegal act, injurious to the administration of public justice, to wit: did conspire and confederate together, with the said intent, to defeat the enforcement of the prohibitory liquor law, so called, in said county, wrongfully, to wit: with money and other unlawful means, to prevent the grand jury, of said county at, etc., from finding and presenting bills of indictment for violations of said prohibitory liquor law in, etc., contrary," etc. *Held*, that the indictment was insufficient, in failing to state in what manner money was intended to be used, and to specify more particularly the "other unlawful means."

3. —— DUTY OF SUPREME COURT IN CRIMINAL CASES. The rule that the Supreme Court will not consider objections not raised in the court below, does not apply to criminal proceedings. In such cases the court are required to examine the whole record, without regard to technical errors, and render such judgment as the law demands.

4. —— If it shall appear, that the defendant has been convicted under an indictment which is insufficient, as charging no offense, the Supreme Court will not affirm the judgment, though the defendant has in no stage of the proceeding objected on that ground.

*Appeal from General Term, Seventh District (Clinton County).*

THURSDAY, APRIL 28.

THE defendant and another were indicted, by a grand jury of Clinton county, for the crime of conspiracy, and, upon trial therefor, in the District Court, were convicted. Upon the appeal of defendant to the General Term the judgment of the District Court was affirmed. He now appeals to this court.

*W. E. Leffingwell* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

BECK, J. — The indictment charges the offense in the following words: "The said J. B. Franklin and D. S. Potter, late of, etc., on, etc., at, etc., unlawfully and feloniously, did conspire and con-federate together, with the fraudulent intent to do an illegal act, injurious to the administration of public justice, to wit: did conspire and confederate together, with the said intent, to defeat the enforcement of the prohibitory liquor law, so called, in said county, wrongfully, to wit: with money and other unlawful means, to prevent the grand jury of said county at, etc., from finding and presenting bills of indictments for violation of said prohibitory liquor law, in, etc., contrary to," etc.

*1. CRIMINAL LAW: conspiracy: indictment.*

The indictment is under Revision, section 4408, which provides for the punishment of conspiracies, and defines the offense intended to be charged, in the following words: "If any two or more persons conspire or confederate together with the fraudulent or malicious intent wrongfully to * * * do any illegal act injurious * * * to the administration of public justice, they are guilty of conspiracy."

An indictment must contain a statement of the facts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. Rev. § 4650. The particular circumstances of the offense must be charged when they are necessary to constitute a complete offense. Rev. § 4652 An indictment is sufficient if "the act or omission charged as the offense is stated with such a degree of certainty, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment according to the law of the case. Rev. § 4659. It cannot be aided by intend ment, nor omissions supplied by construction. The *acts* essential to constitute the offense must be, in the manner indicated, set out and averred.

The defendant is charged with conspiracy to defeat the enforcement of the prohibitory liquor law, the act that is the basis of the offense charged. The means and manner of doing this act are charged to be "with money, and other unlawful means, to prevent the grand jury, etc., from finding and presenting bills of indictment," etc.

In order to constitute the crime of conspiracy, the accused must confederate together to do a criminal act, or an act that is not criminal, by illegal means. In the first case, an indictment for an offense is sufficient, if it be described by the proper name or terms by which it is generally known in the law. In the other instance, the unlawful means by which the act constituting the basis of the offense, under the combination or agreement, is charged to have been intended to be done, must be particularly set forth. The reason of the rule is obvious. To do an act that is not an offense, by means that are not unlawful, cannot constitute a crime; neither can a combination of two or more to do such an act in the same

manner, be criminal.   If such a combination would amount to an offense, we would have the strange and absurd result of an intention being criminal, when the act intended, if done, would be no offense.   In the case, then, of a conspiracy to do an act that is not criminal, the gist of the offense is the illegal means.   It is plain, under the statutory provisions above cited, that the acts constituting these means, which are "the particular circumstances of the offense," must be specifically charged and set out.   *State* v. *Jones*, 13, Iowa, 269; *Commonwealth* v. *East et al.*, 1 Cush. 189, 224; *Commonwealth* v. *Shedd et al.*, 7 id. 514; *State* v. *Roberts et al.*, 34 Me. 321.

It will be observed that the means of doing the act set out in the indictment are not sufficiently described to make them appear unlawful.   The act which defendant confederated to do, in order to defeat the enforcement of the prohibitory liquor law, was "to prevent the grand jury from finding and presenting bills of indictment" for the violation of that law.   This act was *the means* intended for the accomplishment of their designs.   It is not shown to be of itself criminal, nor is it avowed to be unlawful.   The means of doing this act under the combination is averred to be "with money or other unlawful means."   This is not sufficient.   It should have set out the manner in which the money was to have been used, and should have specified the *other means* from which it might appear that the acts intended are, in fact, illegal. No one can surmise what acts or things are intended to be described by the term "other unlawful means."   Nor can any construction of the words of the indictment, based upon what it contains, give such an interpretation that we can say in what manner, whether unlawfully or otherwise, money was intended to be used, if, indeed, it expresses the idea that it was to be used at all.

We are of the opinion that the offense of conspiracy is not sufficiently set out in the indictment.

These views being decisive of the case, other objections, raised upon the record, need not be considered.

It is urged by the attorney-general, that, as the defendant made no objections to the indictment in the court below, he cannot now for the first time raise them in this court. The rule relied upon in support of this position is not applicable to criminal cases, and does not obtain except in civil proceedings. We are required by the statute to examine the whole record, and, without regard to technical errors, to render such judgment as the law demands. Rev. § 4925.

3. —— duty of Supreme Court in criminal cases.

We could not, in a criminal case, affirm a judgment when it appears that the defendant is charged with no offense against the laws, though he should in no stage of the proceedings, either in this court or in the court below, object on that ground.

Reversed.