Miller, J.
i. chimotai, racy: uSíotí" mentI. The first questions presented for our consideration are as to the sufficiency of the indictment, There are three counts. In thó first count it is charged that the defendants, “ on the 23d day of March, A. D. 1867, in Scott county, Iowa, did conspire and confederate together with the fraudulent intent wrongfully to injure the character and person of one Rosanna Stevens, then and there being, and then and there the wife of the defendant, Benjamin Stevens, by then and there procuring a divorce from the bonds of matrimony then and there subsisting between said Benjamin Stevens and said Rosanna Stevens, by a decree of the district court of Scott county, Iowa, at a term thereof holden on the first Monday of May, A. D. 186jT, on the false, slanderous and defamatory allegation and charge of adultery; and did then and there, in pursuance of said conspiracy, cause to be read to said Rosanna Stevens a pretended notice of the pendency of an action for said divorce, and procuring said Rosanna Stevens to accept service of said notice, she, the said Rosanna Stevens, not being able to read writing, under the false and fraudulent representation that said divorce was sought by said Benjamin Stevens on other grounds than a charge or allegation of' criminal conduct or moral turpitude; the said defendants then and there well knowing that said notice did charge, as the cause of the seeking of said divorce, that said Rosanna Stevens had committed adultery, said defendants then and there well knowing that said Rosanna Stevens had not committed adultery; and the said defendants, in pursuance of said conspiracy, did then and there, without the knowledge and consent of said Rosanna Stevens, procure a judgment and decree of said court, etc., dissolv *385 ing the marriage then and theretofore subsisting between the said Rosanna Stevens and said Benjamin Stevens, on said false, defamatory and slanderous charge of adultery, and with the fraudulent intent then and there to injure the character of the said Rosanna Stevens, and then and there injure her person and deprive her of the benefits and protection she would be entitled to as the wife of said Benjamin Stevens,” etc.
The offense attempted to be charged in this count of the indictment is a conspiracy to injure the character of Rosanna Stevens by yyrocwrvng a decree of divorce agcvmst her on the ground of adultery, by procuring her to accept service of the original notice under the false representation that the divorce was sought on other grounds than that of adultery.
It has been settled by this court, after a full examination of the English and American authorities, that an indictment for conspiracy must show on its face “that the object of the conspiracy is a crmvmal one, or else, if the purpose thus disclosed does not import a crime, then other facts should be alleged and set forth, so as to show that the mecvns to be employed are crmvmal? The State of Iowa v. Jones, 13 Iowa, 269, 272 ; State v. Potter, 28 id. 554.
Applying this test to this count of the indictment, we find that it comes far short of charging the crime of conspiracy.
To procure a divorce in the district court of the county where both the parties reside, for one of the causes prescribed by the statute, being in strict compliance with the law, cannot be said to be criminal in any sense. And although the charge of adultery upon which the divorce is sought be false, and known to be so by the party making it, still, so far is this from being a crime, that it is not actionable slander, for which the party would be civilly liable. See Starkie on Slander, pp. 245, 246, 247, 252.
The false representations charged, as to the grounds of *386 the action for divorce, while they may have amounted tó a fraud, do not constitute a crime tinder our statutes.
In the case of The State v. Jones, supra, the substance of the charge was “ that the defendants corruptly agreed among themselves to cause one Sylvanus Dunham to be falsely impleaded in a civil action on a forged note, and, in pursuance of their conspiracy, did attempt, by means of corrupt perjury, to obtain a judgment for $6,800 on said forged instrument, and thereby intended to defraud said Dunham of said sum of money.” It was held that the indictment not charging that the defendants had corruptly concerted together to swear falsely, the conspiracy alleged to “ cheat and defraud ” Dunham out of his money — without more — did not imply a criminal object.
In this case the defendants are charged with having conspired together to injure the character of Eosanna Stevens, by obtaining a divorce on the ground of adultery, and that, in order to carry out effectually their design, they falsely represented that the divorce was sought on other and different grounds, and thereby induced her to make no defense to the action. There is no crime involved in this accusation, either in the object to be attained or in the means to be used for its consummation. This count, therefore, fails to charge the crime of conspiracy.
3 _injury to property, II. The second count of the indictment charges that “the defendants on,” etc., “at,” etc., “did conspire and confederate together with the fraudulent intent wrongfully to injure the property of one Eosanna Stevens, then and there the wife of the defendant, Benjamin Stevens, by then and there procuring a divorce from the bonds of matrimony, for said Benjamin against the said Eosanna Stevens, at the Scott county district court,” etc., “ on the false, defamatory and scandalous charge and allegation that said Eosanna Stevens had committed adultery ; and did then and there conceal said charge from said Eosanna Stevens, and did then and there represent to said *387 Rosanna Stevens that said divorce was sought on other and different grounds, and not for or on any charge of adultery; and did then and there, in pursuance of said conspiracy, fraudulently persuade said Rosanna Stevens not to appear in said action for divorce, but to allow default therein in said court, and that said Rosanna Stevens, in consideration of said default, should be paid the sum of $100, and should have the sole custody of the minor children born to said Rosanna Stevens while the wife of the said Benjamin Stevens; which false pretenses and fraudulent conduct of said defendant was then and there done with the fraudulent intent to injure sand Rosanna Simms in her rights of property d/ue, accruing and incident to her sand relation as wife of sand Benjamin Stevens,” etc.
¥e have already seen that it must appear on the face of an indictment for conspiracy, that the object of the conspiracy is criminal, or, that the means to be employed in attaining it are criminal. State v. Jones, supra. In this count, the object of the conspiracy charged is an injury to the rights of property of Rosanna Stevens incident to and growing out of her relation as wife of Benjamin Stevens. The language of the statute is: “ If any two or more persons conspire or confederate together with the fraudulent or malicious intent, wrongfully to injure the person, character, business or property of another,” etc. The imjwry to thejproperty, according to the test laid down in the case cited, must be such as is punishable as a crime. ' In order that the object of the conspiracy be criminal, the injury intended should appear on the face of the indictment to be a criminal one — such an injury as the statute makes an offense.
Again, the injury to property contemplated by section M08, under which this count is drawn, must be a direct one to the property itself. The statute does not embrace wrongs to the inchoate right of property which a wife has in the property of her husband.
*388 "We are of opinion that this count of the indictment fails to charge the crime of conspiracy.
5, — acts inadministra-16 tioe. III. The third count charges that the defendants “in' the year 1867, at the county of Scott, etc., did conspire and confederate together with the fraudulent intent wrongfull/y to do a/i% illegal act imjwrious to the administration of pubtia justice, by then and there corruptly, and by promises of money, reward and advantage, and under and by false promises and fraudulent pretexts, to induce Rosanna Stevens, wife of him the said Benjamin Stevens, to allow and permit the said Benjamin Stevens to apply to the district court of Scott county, etc., and to then and there, without opposition on the part of the said Rosanna Stevens, to permit said Benjamin Stevens to obtain judgment in said court for a divorce, dissolving the bonds of matrimony then subsisting between said Benjamin Stevens and said Rosanna Stevens, when in truth and in fact there was not then or at any time any just or legal grounds or causes for such divorce, which said defendants then and there well knew, which said acts are injurious to the administration of public justice,” etc.
If two or more persons conspire or confederate together with the fraudulent or malicious intent to do an illegal act, injurious to the administration of public justice, such conspiracy is indictable under the statute. But, as before seen, the illegal act intended must be punishable by the law as a crime, or the means to be used must be criminal. Here the act charged as intended was to obtain a decree of divorce between Benjamin and Rosanna Stevens, in a court having jurisdiction of the subject-matter and the parties, which we have seen is not criminal, nor even illegal.
The means to he used in obtaining the divorce are “ by promises of money, reward and advantages, and under and by false promises and fraudulent pretexts, to induce Ro *389 sauna Stevens ” to allow her husband to obtain a divorce without opposition, etc.
We cannot determine whether the means to be employed were illegal and criminal or not, for the reason that they are not sufficiently set out.
Where the object of a conspiracy is not criminal, and the means to be employed are intended to be charged as criminal, they must be particularly set out. To do an act that is not an offense, by means that are not criminal, cannot constitute an offense. The State v. Potter, 28 Iowa, 554 And, in order that it may be determined whether the means to be employed are criminal or not, the facts must be particularly stated. General averments, such as “by means of money and false promises,” are not sufficient. The State v. Potter, supra.
For these reasons we hold that this count is also bad.
We need not refer to the other errors assigned, as the foregoing views dispose finally of the case. The judgment of the district court is
Reversed.