# GEORGE D. COLE *et al.*

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*sufficiency of indictment.* Under the laws of this State every indictment or accusation of a grand jury must be deemed sufficiently correct which states the offense in the terms and language of the statute creating the same, or so plainly that the nature of the offense may be easily understood.

2. SAME—*conspiracy against the administration of justice.* An indictment charging that the defendants "unlawfully, feloniously, willfully and fraudulently did conspire and agree together, with the fraudulent intent wrongfully and wickedly to injure the administration of public justice, by then and there, unlawfully, willfully and fraudulently attempting to obtain and procure a decree of divorce," in a named court, specifies an offense under section 46 of the Criminal Code, with sufficient certainty.

3. SAME — *changing punishment found by jury.* The court has no rightful authority to mitigate the measure of punishment found by the jury in a criminal case, and sentence the defendant to imprisonment for a less term than that fixed by the jury.

4. STATUTE—*construction of adopted one.* The rule, that a statute copied from that of another State, shall receive the same construction before given to it by the courts of such other State, does not prevail where such a construction is in antagonism to our laws and in conflict with the practice prevalent under them for a long series of years.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. O. L. PARRISH, Mr. D. HARRY HAMMER, and Messrs. ROCKWELL & LEMAN, for the plaintiffs in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The indictment in this case was found under the 46th section of the Criminal Code, Rev. Stat. 1874, sec. 46. That section provides, in substance, that if two or more persons conspire and agree together, with the fraudulent or malicious intent wrongfully and willfully to do any illegal act, injurious

to the administration of public justice, every offender, on conviction, shall be imprisoned in the penitentiary not exceeding three years, or fined not exceeding $1000. It will be observed the indictment charges the offense, substantially, in the language of the statute, that defendants " unlawfully, feloniously, willfully and fraudulently did conspire and agree together, with the fraudulent intent wrongfully and wickedly to injure the administration of public justice, by then and there unlawfully, willfully and fraudulently attempting to obtain and procure a decree of divorce," in the Superior Court of Cook county, and that is all the law requires. By our laws every indictment or accusation of the grand jury shall be deemed sufficiently correct which states the offense in the terms and language of the Criminal Code, or so plainly that the nature of the offense may be easily understood. Rev. Stat. 1845, p. 181.

It is suggested, in argument, that the statute under which defendants were indicted was copied from the Criminal Code of Iowa, and, prior to its adoption by our legislature, it had received a construction, by the Supreme Court of that State, holding that an indictment under this statute must specifically set forth the illegal acts which constitute the offense, and that general averments are not sufficient,—citing *The State* v. *Stevens*, 30 Iowa, 391, *State* v. *Porter*, 28 id. 554, *State* v. *Jones*, 13 id. 269. Even under the construction contended for, we think the " illegal act " that constitutes the offense is sufficiently set forth, viz: that the accused unlawfully, willfully and fraudulently attempted to obtain a divorce in the Superior Court.

But waiving that view, as was said in *McCutcheon* v. *The People*, 69 Ill. 601, in view of our statute, which makes it sufficient to set forth the offense in the indictment or information in the language of the act creating it, or so plainly that the nature of the accusation can be readily understood, and of the uniform construction given to it by our decisions, it can hardly be said the legislature, in adopting the statute of another State, intended also to adopt a construction in direct

218          . COLE *et al. v.* THE PEOPLE.          [Sept. T..

Opinion of the Court.

antagonism with our laws, and in conflict with the practice that has prevailed under them through a long series of years. At most, it is but a presumption, and may be repelled when such construction is found to be inconsistent with the spirit and policy of our laws. The presumption should rather be indulged the statute under consideration was enacted in view of existing laws, as construed by former decisions of this court. Under this view of the law, a majority of the court hold the indictment is sufficient.

The point is made, the verdict is against the weight of the evidence. We do not think so. We have examined, with care, the testimony contained in the record, and see no reason to be dissatisfied with the finding of the jury. The credibility of the several witnesses was a question for the jury, and if they gave credit to the testimony the conviction was fully warranted. According to the testimony, defendants were guilty of a most flagrant conspiracy to " injure the administration of public justice."

On the trial the jury found the accused guilty, and fixed the term of imprisonment in the penitentiary at three years. A motion for a new trial was entered, but the court overruled that motion, and sentenced defendants to imprisonment in the penitentiary for *one* year, instead of three years, the term fixed by the verdict of the jury. We are of opinion, all the members of the court concurring, the action of the court in fixing the term of imprisonment at one year, was irregular, and finds no warrant in the statute nor in the practice that prevails in the courts, that we are aware of. The court had no more rightful authority to mitigate the measure of punishment than it would have to increase it. It was the duty of the court, either to pronounce judgment on the verdict, or set it aside and award a new trial. But defendants have not assigned the action of the court in this regard, as error, and it need not be further considered.

On the whole record, a majority of the court are of opinion the judgment should be affirmed, which is done.

*Judgment affirmed.*

SCHOLFIELD, J., and DICKEY, J., dissenting.

Mr. JUSTICE SCHOLFIELD: I am unable to agree with my brethren in the conclusion reached in this case. I think the indictment bad, and that judgment should not, therefore, have been given on the verdict.

When the object, to accomplish which the alleged conspiracy is formed, is not, in itself, unlawful, but the *gist* of the offense consists in the use of unlawful means to accomplish the object, the means must be particularly set forth in the indictment. 2 Wharton's Crim. Law (7th Ed.) § 2313; 2 Bishop's Crim. Procedure, § 221; *Alderman* v. *People*, 4 Mich. 414; *State* v. *Mayberry*, 48 Maine, 218; *State* v. *Potter*, 28 Iowa, 554; *State* v. *Stevens*, 30 id. 391; *State* v. *Jones*, 13 id. 269.

This rule was expressly recognized by this court in *Smith* v. *The People*, 25 Ill. 23, where it was said: " We may safely assume that it is indictable to conspire to do an unlawful act by any means, and also that it is indictable to conspire to do any act by unlawful means. In the former case, it is not necessary to set out the means used, while in the latter it is, as they must be shown to be unlawful."

The object of the alleged conspiracy, here, was to obtain a divorce. The obtaining of a divorce is not, in itself, an unlawful act. On the contrary, it is authorized by statute, and it can only become unlawful when the means by which it is sought to be obtained are such as are unauthorized by law; and, under the rule laid down by the foregoing authorities, those means must be particularly stated in the indictment.

Mr. JUSTICE DICKEY: I concur in the views expressed by Mr. JUSTICE SCHOLFIELD. Our constitution provides, that " in all criminal prosecutions the accused *shall have the right* * * to demand the nature and cause of the accusation, and to have a copy thereof." Our statute says, " every indictment * * shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

The charge in this indictment is, that defendants "did combine, conspire and agree together, with fraudulent intent, wrongfully and wickedly to injure the administration of public justice, by unlawfully and fraudulently attempting to obtain and procure a decree of divorce in a certain cause," etc.

This charge, thus stated, does not give the accused, as the constitution requires, "the nature and cause of the accusation;" nor is the offense stated "so plainly that the nature of the offense may be easily understood by the jury," as required by the statute.

What do we learn from this indictment as to "the nature of the offense," or "the nature and cause of the accusation?" Did they conspire to bribe the judge in order to procure the decree,—or to bribe a sheriff to pack a jury in the case,—or to corrupt a juror already selected,—or to bribe the opposing attorney to betray his client,—or to impose upon the court with a forged deposition? What was the nature of the offense which the grand jury passed upon in finding this indictment? No man can tell from reading this indictment. The record shows that the evidence on the trial tended to establish two offenses: First, the procuring of a strange woman to falsely personate Mrs. Cole and receive service of the summons; and second, an attempt to induce Major to give false testimony at the hearing of the cause. No such offense, however, is pointed out in the indictment. The accused are presumed innocent until proven guilty. These defendants, if really innocent, could have had no idea, before the trial, of the nature of this accusation.

If the testimony now in the record be the same as that laid before the grand jury, it might have formed the basis for two distinct charges, as above suggested, and, in such case, they should have been charged plainly, each in a separate count.

But it is said, it is sufficient if the charge be stated "in the terms and language of the statute creating the offense." This is not sufficient, unless the terms and language of the statute are so plain that a jury may easily understand therefrom the

nature and identity of the offense. But the language of the statute is not adopted in this indictment.

The words of the statute, so far as this question is concerned, are as follows: " If any persons conspire, with fraudulent intent, wrongfully and wickedly to do any illegal act injurious to the administration of public justice, they shall be deemed guilty of conspiracy," etc.

The indictment follows the statute in charging that the accused did " conspire, with fraudulent intent, wrongfully and wickedly," but it follows the language of the statute no farther. Instead of charging the object of the conspiracy to be, (in the language of the statute,)"to do an *unlawful act* injurious to the administration of public justice," the indictment charges the object of the conspiracy to be " to injure the administration of public justice, by unlawfully and fraudulently" doing *a. lawful act.* There is a clear distinction between the doing of an unlawful act and the doing of a lawful act in an unlawful manner—a distinction recognized in many cases in our own statutes. This indictment does not even charge an offense in the terms and language of the statute.

This is not a mere question of technical law. It is a question of an important and substantial right, in which every citizen has an abiding interest. It is the birthright of every American, that before he be called to answer for any supposed crime, he shall have a statement of the charge, so plain that he may know whereof he is charged, and may have an opportunity to prepare for his defense.