STATE OF IOWA, Appellee, v. MIKE CUMMINGS, Appellant.

**Assault and battery:** INDICTMENT. An indictment for assault with
1   intent to do great bodily injury drawn substantially in the language of the statute is sufficient.

**Assault:** INSTRUCTION. An instruction that a "threat" or menace
2   to do unlawful violence to the person of another is not abstractly correct, but where defendant admitted the assault and claimed to have acted in self defense it was not prejudicial.

**Self defense:** INSTRUCTION. On the plea of self defense, an instruc-
3   tion that one charged with assault with intent to do great bodily injury had the right to act upon appearances and his own reasonable belief, no matter what the real intent of his assailant might have been, was correct.

**Assault and battery:** INSTRUCTION. An instruction defining assault
4   and battery, which failed to state that the slightest touching of the person of another wilfully and in anger is a battery, is held to have been without prejudice.

**Assault with intent to do great bodily injury:** EVIDENCE. Evidence
5   that defendant used a chair in making an assault, knocking the prosecutor down and holding the chair over him until it was taken from the defendant, was sufficient to support a conviction for assault with intent to do great bodily injury.

*Appeal from Cherokee District Court.*— HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, OCTOBER 17, 1905.

FROM a judgment of guilty of assault with intent to inflict a great bodily injury, defendant appeals.— *Affirmed.*

*William Mulvaney,* for appellant.

*Charles W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER, J.— I.  The indictment is challenged.  So far as material it read as follows: " Said Mike Cummings did unlawfully, willfully, maliciously, and with specific intent then and there to inflict great bodily injury, make an assault upon one Lewis Carr, and did then and there, with specific intent to inflict a great bodily injury, strike, beat, bruise, and otherwise maltreat the said Lewis Carr."   That this was sufficient, see *State v. Carpenter,* 23 Iowa, 506.   The indictment is in the language of the statute, which so far individuates the offense that nothing more need be stated.

II.   In the third paragraph of the charge the court instructed:  " A simple assault is a threat or menace to do unlawful violence to the person of another, coupled with the means, ability, and intent to immediately inflict the threatened violence, as an act or gesture toward another, with intent and ability to apply unlawful force."   This instruction was given to define the offense, and not with reference to defendant's right of self-defense.   It is challenged because it does not correctly state the law as to self-defense, and not because it does not correctly define an assault.   As an abstract proposition it is not exactly correct, for a mere threat does not constitute an assault.   But as defendant admitted the assault, and claimed that he acted in self-defense, there was no prejudice to him.

In the instructions with reference to self-defense the trial court fairly and properly instructed that defendant had the right to act upon appearances and his own reasonable belief, no matter what the real intent of his assailant.   The instruction was really more favorable to the defendant than he was entitled to, when considered with reference to his claim of self-defense.

III.   The instruction as to assault and battery read in this wise:  " An assault and battery is an unlawful assault,

which results in some injury to the person of the party assaulted." This is also complained of, because it is said that the slightest touching of the person of another, willfully and in anger, is a battery. Let this be conceded, and yet it is difficult to see how defendant was prejudiced by the instruction complained of. In law the unlawful touching of another is an injury to his person.

IV. The instructions with reference to self-defense are attacked, and error is assigned upon the court's failure to give the ones asked by defendant on this subject. We shall not set them out. Suffice it to say that the ones given clearly and plainly presented the law, and there was no occasion for saying anything more.

V. Lastly, it is said that the verdict of guilty is not sufficiently supported by the evidence. We have carefully read the record in the light of this claim, and are not disposed to interfere with the verdict. True, the defendant did not, perhaps, inflict a great bodily injury upon Carr; but it was for the jury to say what his intent was, from a consideration of all the surrounding circumstances. Defendant used a chair in making the assault, and so far punished Carr that he (Carr) was knocked down. Defendant kept the chair lifted above Carr until some one interfered and took the chair from him. He had the means whereby to inflict a great bodily injury, and was evidently intending to do so. At least the jury was authorized to so find. *State v. Gillett,* 56 Iowa, 459.

There is no prejudicial error in the record, and the judgment is *affirmed.*