STATE OF IOWA v. ALBERT ENO, Appellant.

**Conspiracy: INDICTMENT.** An indictment for conspiracy must
1   show that either the purpose of the conspiracy or the means employed to accomplish the purpose were criminal.

**Same.** False pretenses with reference to real estate are not an
2   offense under Code, Section 5041, and an indictment charging a conspiracy for the purpose of acquiring real property is defective in failing to allege the means employed to accomplish the purpose.

*Appeal from Adams District Court.*— HON. H. K. EVANS, Judge.

TUESDAY, OCTOBER 16, 1906.

THE defendant was convicted of the crime of conspiracy, and appeals.— *Reversed.*

*Arthur R. Wells,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De Graff, Assistant Attorney General,* for the State.

SHERWIN, J.— The indictment on which the defendant was tried charges that he and one White " fraudulently devising to cheat and defraud Sarah Roach and John A. Roach, did then and there conspire and agree together with the fraudulent and malicious intent wrongfully to get and obtain, knowingly and designedly, by means of false pre-

tenses, a certain house and lot in the city of Corning, Iowa."
The indictment is under Code, section 5059, which provides
for the punishment of conspiracies, and defines the offense
in the following words, so far as it is material here: " If
any two or more persons conspire or confederate together
with the fraudulent or malicious intent wrongfully to in-
jure the property or rights in property of another, they are
guilty of a conspiracy."

The sufficiency of the indictment is the controlling ques-
tion for our determination. It will be observed that it
charges that land was obtained by means of false pretenses,
and, unless it is a crime to so obtain land, the indictment
is clearly insufficient, because it does not meet the require-
ment that where the basis of a conspiracy is an act not
criminal in itself the unlawful means which give to it its
criminal character must be particularly set forth. *State v.
Potter,* 28 Iowa, 554; *State v. Stevens,* 30 Iowa, 391. An
indictment for conspiracy must show that the object of the
conspiracy was criminal, or, if the object itself be not crim-
inal, that the means employed to accomplish the object were
criminal. *State v. Jones,* 13 Iowa, 269; State v. Stevens,
*supra;* State v. Potter, *supra; State v. Soper,* 118 Iowa, 1.
Code, section 5041, defines the crime of cheating by false
pretenses as follows: " If any person designedly and, by
false pretense or by any privy or false token, and with in-
tent to defraud, obtain from another any money, goods, or
other property,  .  .  .  he shall be punished," etc.

[ It is the general holding that neither the common law,
nor the statutes of the several States defining the crime of
cheating by false pretense, apply to real estate. Under the
English law, real property was never the subject either of
cheating or of false pretenses. Being incapable of larcenous
asportation, it was not regarded as requiring the same pro-
tection as personal property. The crime of obtaining
money or goods by false pretenses is said to be closely allied
to that of larceny, and the common law and statutes de-

fining the crime were undoubtedly designed for the fuller protection of personal property and in aid of the laws against larceny and theft. 2 Brown and Hadley's Com. 532; 2 Bishop on Criminal Law, sections 476–479 inclusive. While the American statutes differ somewhat in phraseology they are in substance copied from the English and are based on the same principle, and have the same object in view.

In our own statute, the language used clearly indicates that the offense does not include real property. It specifies money and goods, and then says " or other property," and under a familiar rule the words " or other property " must be limited to the classes of property therein previously enumerated. 12 Am. & Eng. Enc. of Law, 829–834, and notes; *State v. Black,* 75 Wis. 490, (44 N. W. 635). On the principal question, see, also, 19 Cyc. 410; *People v. Cummings,* 114 Cal. 437 (46 Pac. 284); *State v. Burrows,* 33 N. C. 477. The statute defining conspiracy makes it a crime for persons to conspire to injure the property or rights in property of another, and, under a proper charge in the indictment, there can be no doubt that the acts complained of would constitute conspiracy. But the indictment charges that the basis of the conspiracy was an act criminal in itself, viz., obtaining real property by false pretenses, and we hold only that obtaining real property by false representations is not a crime under section 5041 of the Code, which defines false pretenses. It is, of course, elementary that a conviction must be based on the indictment.

We are of opinion that the indictment is insufficient, and because thereof that the case must be reversed. This conclusion disposes of the case so far as this appeal is concerned, and we need not consider other questions argued.— *Reversed.*