STATE OF IOWA, Appellee, v. BUCK TERRY, Appellant.

MARCH 5, 1929.

George A. Gorder, for appellant.

John Fletcher, Attorney-general, O. T. Naglestad, County Attorney, and Weir Murphy, Assistant County Attorney, for appellee.

WAGNER, J.—The sufficiency of the amended indictment was challenged by demurrer. Said demurrer was overruled, and the action of the court in that respect is now assigned as error.

The indictment charges Miller, two Fosters, and the defendant, Buck Terry, with the crime of conspiracy, committed as follows:

"The said L. H. 'Happy' Miller, H. I. Foster, Herbie Foster, and Buck Terry, on or about the 27th day of October, in the year of our Lord one thousand nine hundred and twenty-seven, in the county of Woodbury and state of Iowa, unlawfully, willfully, and feloniously did conspire, agree, and confederate together, with the fraudulent and malicious intent and purpose wrongfully, feloniously, and unlawfully to do an illegal act, injurious to the public trade, health, morals, and police, by illegally selling, transporting, and trafficking in intoxicating liquor. In pursuance and consummation of said conspiracy, and in violation of Section 1924 and 1945-a1 of the Code of Iowa, 1927, said defendants did do illegal acts injurious to the public trade, health, morals, and police, by transporting, selling, and delivering to Simon Schrank certain intoxicating liquors."

Our statutory law provides:

"If any two or more persons conspire or confederate together with the fraudulent or malicious intent * * * to do any illegal act injurious to the public trade, health, morals, or police, * * * they are guilty of a conspiracy * * * " Section 13162, Code of 1927.

The unlawful sale of intoxicating liquors is made a crime by Section 1924 of the Code, and the illegal transportation of intoxicating liquors is likewise made an offense by Section 1945-a1 of the Code.

Is the indictment sufficient? An indictment must contain:

"A statement of the facts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 13733 of the Code.

"The indictment must be direct and certain as regards: * * * The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." Section 13735 of the Code. An indictment is sufficient if "the act or

omission charged as the offense is stated in ordinary and concise language, with such certainty and in such manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment according to law upon a conviction." Section 13743 of the Code.

We have repeatedly held that an indictment charging an offense in the language of the statute or in language equivalent thereto will be sufficient in a case where the language used so individuates the offense that the defendant has proper notice, from the terms used, of the particular crime with the commission of which he is charged. *State v. Johnson*, 114 Iowa 430; *State v. Cummings*, 128 Iowa 522; *State v. Kendig*, 133 Iowa 164; *State v. Henderson*, 135 Iowa 499; *State v. Corwin*, 151 Iowa 420; *State v. Kernan*, 154 Iowa 672. Many other authorities could be cited upon this proposition.

We have held in many cases that the gist of the offense of conspiracy is the unlawful agreement or combination, and that, where the agreement is to perpetrate a crime known to the common law, or defined by statute in unmistakable terms, all that is necessary for the purpose of the indictment is to designate the offense by using the name by which it is familiarly known. *State v. Madden*, 170 Iowa 230; *State v. Rayburn*, 170 Iowa 514; *State v. Clemenson*, 123 Iowa 524; *State v. Ormiston*, 66 Iowa 143; *State v. Grant*, 86 Iowa 216; *State v. Soper*, 118 Iowa 1; *State v. Jones*, 13 Iowa 269; *State v. Eno*, 131 Iowa 619; *State v. Stevens*, 30 Iowa 391; *State v. Potter*, 28 Iowa 554; *State v. Poder*, 154 Iowa 686; *State v. Tonn*, 195 Iowa 94; *State v. Savoye*, 48 Iowa 562. In 5 Ruling Case Law 1082, it is declared:

"There appears to be no disagreement when the conspiracy has a criminal purpose. In such case, it is not disputed that the means need not be set forth, if the criminal purpose is clearly stated. The rule is the same, whether the object of the conspiracy is to commit a misdemeanor or a felony."

In *State v. Clemenson*, supra, we declared:

"The gist of the offense is the wicked and unlawful agreement. * * * And where this is to perpetrate a crime known to the common law, or defined by the statute in unmistakable terms, all that is necessary is to designate the offense, without describing the overt act accomplished in pursuance of the conspiracy."

In *State v. Rayburn,* supra, we said:

"So in conspiracy cases, the crime intended to be accomplished by the conspiracy need not be described in the indictment with the accuracy or detail which would be essential in an indictment for the commission of the offense itself."

In *State v. Ormiston,* supra, we find the following pronouncement:

"The offense of conspiracy may, it is true, be complete without the commission of the overt act which the conspirators agreed to commit. * * * It would seem to follow that, though the overt act may have been committed, it is unnecessary to charge it, unless the indictment is drawn under a statute which requires that it should be charged."

In *State v. Soper,* supra, we made the following pronouncement:

"The offense which defendants were thus charged as having conspired to commit was fully described in the indictment in accordance with the language of the Code defining it. * * * Where the conspiracy is charged to have consisted in the agreement to do an act not in itself criminal by illegal means, then the illegal means contemplated must be described; but where the offense consists in the conspiracy to commit a crime, the means by which such crime is to be committed need not be alleged. * * * This is entirely reasonable, for the conspiracy might be completed without the means employed having been agreed upon, as the crime of conspiracy consists, not in overt acts done for the purpose of carrying out the conspiracy, but in the unlawful combination itself, with the purpose of doing the unlawful acts."

In *State v. Eno,* supra, we said:

"An indictment for conspiracy must show that the object of the conspiracy was criminal, or, if the object itself be not criminal, that the means employed to accomplish the object were criminal."

In *State v. Potter,* supra, we declared:

"In order to constitute the crime of conspiracy, the accused must confederate together to do a criminal act, or an act that is

not criminal, by illegal means. In the first case, an indictment for an offense is sufficient if it be described by the proper name or terms by which it is generally known in the law."

In *State v. Poder*, supra, we made the following pronouncement:

"When, therefore, the accusation is made in the language of the statute, and the particular illegal act injurious to public morals, which act is the subject of the alleged conspiracy, is stated, the charge is complete. * * * Bearing upon this branch of the case, it should also be said that the crime which is the object of the conspiracy need only be named in general terms, without stating the facts constituting it."

In *State v. Savoye*, supra, we said:

" 'The gist of the offense of conspiracy is the unlawful combination and agreement. It is not necessary, to constitute the offense, that any overt act should be done in pursuance of such combination and agreement, nor that such overt acts should be alleged.' "

The amended indictment could have been more skillfully drawn, but it sufficiently charges a conspiracy to commit the crimes of the illegal sale and transportation of intoxicating liquors referred to in Sections 1924 and 1945-a1 of the Code. In addition thereto, it charges an overt act committed in pursuance thereof, by transporting, selling, and delivering intoxicating liquor to Simon Schrank. The unlawful sale and illegal transportation of intoxicating liquors are acts made crimes by our statutory law. Since said acts are made criminal, they are unlawful acts, and cannot be said to be uninjurious to the public morals or policy. In view of our numerous pronouncements upon this question, it must be held that the amended indictment is sufficient, and that appellant's complaint as to the same is devoid of merit.

The appellant contends that the court erred in receiving evidence as to overt acts before there was evidence establishing a prima-facie case of conspiracy. The record is in absolute contrariety to this contention of the appellant's.  Moreover, we have held that the order in which evidence of this character may be introduced,

rests in the sound discretion of the trial court. *State v. Walker,* 124 Iowa 414. There is no merit in this contention of the appellant's.

The appellant contends that the court erred in overruling his motion for a directed verdict. We have read the record with care.

"Conspiracies need not be established by direct evidence of the acts charged, but may and generally must be proved by a number of indefinite acts, conditions, and circumstances, which vary according to the purposes to be accomplished. The very existence of a conspiracy is generally a matter of inference, deduced from certain acts of the persons accused, done in pursuance of an apparently criminal or unlawful purpose in common between them. The existence of the agreement or joint assent of the minds need not be proved directly. It may be inferred by the jury from other facts proved. It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part, and another another part of the same, so as to complete it, with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object." 5 Ruling Case Law 1088.

In *State v. Priebe,* 198 Iowa 609, we declared:

"The fact of conspiracy may be established by circumstantial evidence. It is sufficient if there is proof of concert of action. This is true in the administration of both civil and criminal law."

The record discloses that, on Sunday, October 23, 1927, the defendant, together with Miller and Herb Foster, called at the farm of Otto Schrank, and solicited him as a purchaser for some grain alcohol. Schrank was informed that one of the parties had brought in a load of alcohol from Chicago, and that they were trying to sell it. Schrank not being interested, they failed in making a sale to him. On October 25th, the same three parties inquired at a filling station in Danbury for the son, Simon Schrank, who happened to be there at that time. The three

parties came to this place of business together in a car, and Foster was the party who made inquiry. Simon Schrank being found there, he was taken by Foster to the automobile in which were Miller and the defendant, and introduced to them. Simon Schrank was asked at that time whether he would be interested in buying some alcohol, and they offered him a sample from a bottle, which Schrank tasted. As a result of their negotiations, it was agreed that the three parties were, at the cost of approximately $14 per gallon, to deliver to Simon Schrank the load of alcohol on Thursday night. These three parties met Simon Schrank at Danbury about 10:30 or 11:00 o'clock, when the four of them drove about a mile and a half northwest of the town, where the alcohol was hidden in a cache, and the same was loaded into the car, and taken by Simon Schrank to a field near the Schrank home, where it was buried in a field. The next morning (Friday), Miller and the defendant came to the Otto Schrank farm, apparently with a view of perfecting a settlement with Simon Schrank for the liquor. On Saturday morning, the Fosters appeared at the Schrank home, apparently for the purpose of compromising the deal. This resulted in the elder Schrank's becoming angered and calling the sheriff. The officers, with the assistance of Simon and his cousin, who had assisted Simon in burying it, located and took possession of the approximately 29 gallons of alcohol. There is other testimony in the record, but to set it out more extensively would unduly extend the length of this opinion. The effort was first made to sell it to Otto Schrank, the father; later, the same parties took up negotiations with the son, and were successful in making an arrangement with him whereby the liquor was to be delivered to him on Thursday evening. The overt act charged in the indictment is proven. From the evidence taken as a whole, the jury were justified in finding the defendant guilty of the crime of conspiracy, as charged. Indeed, under the record, a verdict of not guilty could hardly be expected. The evidence was amply sufficient to warrant the court in submitting the case to the jury and in sustaining the verdict returned.

The appellant makes the following as one of his assignments of error:

"Because of a fatal variance between the allegations of the indictment and the proof made by the State, the court erred in

giving Instructions 6, 7, 8, and 9, and in refusing to give Instructions Nos. 2, 3, 5, and 6 of the instructions requested by appellant.''

There is no variance between the allegations of the indictment and the evidence offered in support thereof by the State. We have repeatedly held that assignments of error such as the foregoing are fatally indefinite, and raise no question for our consideration. See *State v. Briggs*, 207 Iowa 221; *State v. Lambertti*, 204 Iowa 670; *State v. White*, 205 Iowa 373; *State v. Cordaro*, 206 Iowa 347; *State v. Gill*, 202 Iowa 242; *State v. Gibson*, 204 Iowa 1306; *State v. Vandewater*, 203 Iowa 94; *State v. Smith*, 192 Iowa 218; *State v. Harbour*, 193 Iowa 657. In *State v. Briggs*, supra, it is well said:

''We cannot be expected to examine 'each and all of the instructions given,' under this blanket form of objection, to discover whether or not error exists therein. In law actions, we sit as a court for the correction of errors at law, and the precise error of which complaint is made must be substantially pointed out by the appellant. Such is our rule, and such is our uniform holding.''

We have considered all questions properly presented to us for our determination. We find no error, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.