STATE OF IOWA, Appellee, v. H. E. BLACKLEDGE, Appellant.

No. 40979.

JUNE 24, 1932.

REHEARING DENIED MAY 15, 1933.

John Fletcher, Attorney-general, Carl S. Missildine, County Attorney, and Alexander M. Miller, for appellee.

C. B. Hextell and John L. Gillespie, for appellant.

STEVENS, J.—The indictment in this case, to which a demurrer was interposed and overruled by the court, is as follows:

"The said J. A. Lowenberg and H. E. Blackledge, and other person and persons whose names are to this Grand Jury unknown, on or about the month of April and the month of May, A. D. 1927, in the county of Polk in the State of Iowa, did wilfully and unlawfully conspire, combine and confederate together with the fraudulent and malicious intent to injure the property and funds owned and accumulated by the Grand Lodge Ancient Order of United Workmen of Iowa, and with the fraudulent and malicious intent to injure the rights of persons having an interest in said property and funds.

"Count II. And the Grand Jury of the County of Polk, in the State of Iowa, being legally impanelled, sworn and charged in the name and by the authority of the State of Iowa, with no intent or purpose on the part of said Grand Jury of charging any offense or crime other than the offense charged in Count I above, but solely to meet the testimony, further alleges:

"That the said J. A. Lowenberg and H. E. Blackledge and other person or persons whose names are to this Grand Jury unknown, on or about the month of April and the Month of May, A. D. 1927, in the County of Polk in the State of Iowa, with the fraudulent and malicious intent to injure the property and funds owned and accumulated by the Grand Lodge Ancient Order of United Workmen of Iowa, which property and funds were owned and accumulated for the benefit of persons holding the Lodge's certificates and contracts of insurance, and which property and funds were owned and accumulated for the purpose of paying claims to the beneficiaries of said certificates and contracts of insurance, and with the fraudulent and malicious intent to injure the rights of said holders and beneficiaries who had an interest in said property and funds, did wilfully and unlawfully conspire, combine and confederate together for the wrongful and fraudulent purpose of diverting $15,000.00 of the said property and funds into a note or bond secured by a mortgage on real estate described as: * * * which real estate was not worth at least double the amount loaned, and for the wrongful and fraudulent purpose of converting $3,690.00 of the said $15,000.00 to the use and benefit of the said J. A. Lowenberg and H. E. Blackledge and other person and persons above mentioned whose names are to this Grand Jury unknown. * * * "

The indictment in this case is based upon section 13162 of the Code of 1927 which is as follows:

"If any two or more persons conspire or confederate together with the fraudulent or malicious intent wrongfully to injure the person, character, business, property, or rights in property of another, or to do any illegal act injurious to the public trade, health, morals, or police, or to the administration of public justice, or to commit any felony, they are guilty of a conspiracy, and every such offender, and every person who is convicted of a conspiracy at common law, shall be imprisoned in the penitentiary not more than three years."

The propositions urged upon which it is claimed the demurrer to the indictment should have been sustained briefly summarized are as follows: that Count I of the indictment fails to state or charge the acts or omissions complained of in ordinary and concise language and with such certainty as to apprise the defendant of the offense charged; that the two counts of the indictment considered separately or together do not charge a conspiracy to commit a criminal offense nor are the means alleged by which the defendant with others conspired to accomplish his design criminal in character.

The propositions stated will be discussed together. Count I of the indictment is substantially in the language of the statute. This, ordinarily, is sufficient. As the indictment must be sustained upon other grounds, we shall not give particular consideration to this phase of the question raised. We, however, desire in this connection to call attention to section 13902 of the Code, which is as follows:

"Upon a trial for conspiracy, a defendant cannot be convicted unless one or more overt acts alleged in the indictment are proved, when required by law to constitute the offense, but other overt acts not alleged in the indictment may be given in evidence."

There is a decided lack of harmony in the various jurisdictions of this country as to the principal question raised by the demurrer and it must be confessed that our own cases are in more or less confusion. There can be no doubt as to the rule established by this court in State v. Jones, 13 Iowa 269, and State v. Stevens, 30 Iowa 391. In the first of the above cases we said:

"They hold, for instance, that it should appear on the face of the indictment, that the object of the conspiracy is a criminal one, or else, if the purpose thus disclosed does not import a crime, then other facts should be alleged and set forth, so as to show that the means to be employed are criminal, thereby withdrawing the crime of conspiracy from the limitless field of wrongful acts, where the old authorities had allowed it to go, to the more circumscribed range of the criminal Code, either as a means or an end. This brings both elements of this compound offense, to wit: the combination and the injury contemplated, under the clear and more certain control of the courts."

In the latter case, the rule was clearly stated as follows:

"It has been settled by this court, after a full examination of the English and American authorities, that an indictment for conspiracy must show on its face 'that the *object* of the conspiracy is a *criminal* one, or else, if the purpose thus disclosed does not import a crime, then *other facts* should be alleged and set forth, so as to show that the *means* to be employed are *criminal*'."

The holding in the above cases was recognized and apparently sanctioned in State v. Potter, 28 Iowa 554. There is, however, some departure from the prior holding indicated by the language of the court in this case. We quote briefly:

"In order to constitute the crime of conspiracy, the accused must confederate together to do a criminal act, or an act that is not criminal, by *illegal* means. * * * This act (charged) was the means intended for the accomplishment of their designs. It is not shown to be of itself criminal, nor is it avowed to be *unlawful*."

The decision of the court in State v. Harris & Folsom, 38 Iowa 242, is out of harmony with the preceding cases. The means alleged in the indictment in that case was the use of a writ of replevin to accomplish an *illegal* purpose. None of the foregoing cases are cited or referred to in the majority opinion in this case. The opinion in State v. Stevens, supra, was written by Justice Miller who, obviously interpreting the opinion in State v. Harris & Folsom as a complete departure from the rule announced in the Stevens case, filed a dissent in which he clearly pointed out that such was the case. Again, discussing an indictment alleged by the defendant to be insufficient to charge a conspiracy, the court in State v. Ormiston, 66 Iowa 143, 23 N. W. 370, 372, said:

"Another objection urged is that the indictment does not set out the means which the defendant intended to employ. It was held in State v. Potter, 28 Iowa 554, that where the intended act is not criminal, the indictment should charge with what means the act was to be done. But in the case at bar the intended act was criminal. The conspiracy alleged was to wrongfully injure the person of Blanchard. It is true that to wrongfully injure the person of another is not necessarily more than a misdemeanor, but it is at least that; and in our opinion an indictment which charges a conspiracy to commit such injury need not charge the means by which it was to be done."

It will be observed that the court in this case sustained an indictment which charged a conspiracy to commit a *misdemeanor*. The indictment involved in State v. Grant, 86 Iowa 216, 53 N. W. 120, 121, charged a conspiracy to commit a crime. The indictment was sustained. The court, in the course of the opinion, said:

"It is said that the indictment is defective, in that it fails to fully disclose the means by which the crime was to be accomplished. It is well settled in this state, and is the law in many states, that, where the indictment charges a conspiracy to do an act which is a crime, it is sufficient if it be described by the proper name or terms by which it is generally known in law. It is only where the charge is that an act in itself not criminal is sought to be accomplished in an illegal manner, or by illegal means, that the means used for its accomplishment must be averred."

The court in State v. Soper, 118 Iowa 1, 91 N. W. 774, 776, without specifically recognizing the rule of State v. Stevens, supra, and other like cases, said:

"Where the conspiracy is charged to have consisted in the agreement to do an act not in itself criminal by *illegal* means, then the illegal means contemplated must be described; but, where the offense consists in the conspiracy to commit a crime, the means by which such crime is to be committed need not be alleged."

State v. Eno, 131 Iowa 619, 109 N. W. 119, 9 Ann. Cas. 856, recognized and followed the rule that an indictment for conspiracy must either charge a purpose to commit a crime or the means which must be criminal by which it was sought to carry it out.

The decision in State v. Loser, 132 Iowa 419, 104 N. W. 337, sustaining the indictment is based upon the fact that the indictment charged a crime at common law.

The court in State v. Hardin, 144 Iowa 264, 120 N. W. 470, 138 Am. St. Rep. 292, in its discussion criticized the earlier cases and indicated clearly the court's disapproval thereof. The decision, however, was rested upon the fact that the indictment charged a criminal offense.

The indictment involved in State v. Poder, 154 Iowa 686, 135 N. W. 421, which was substantially in the language of the statute, was held sufficient. The court said:

"See Code, section 5059, which makes it an indictable offense to

conspire to do 'any illegal act injurious to public morals.' When, therefore, the accusation is made in the language of the statute, and the particular illegal act injurious to public morals, which act is the subject of the alleged conspiracy, is stated, the charge is complete. Counsel further argue that the indictment does not charge a conspiracy to do an illegal act, but is, in effect, an allegation of conspiracy to attempt the perpetration of an illegal act, and that this does not constitute an indictable offense."

We have held in numerous cases that the gist of the offense of conspiracy is the unlawful combination and agreement. State v. Savoye, 48 Iowa 562; State v. Clemenson, 123 Iowa 524, 99 N. W. 139; State v. Madden, 170 Iowa 230, 148 N. W. 995; State v. Terry, 207 Iowa 916, 223 N. W. 870.

It must be conceded that the indictment in the case before us does not charge that the conspiracy alleged was to commit a felony. The first count which, as stated, is substantially in the language of the statute, does not purport to charge the means by which the design of the conspiracy was to be accomplished. Therefore, under all of the decisions cited, standing alone, Count I is insufficient. The question at this point is: Does the indictment, considered and interpreted as a whole, charge a conspiracy within the terms and meaning of the statute quoted above? The means employed by the conspirators, as alleged in the indictment were not criminal. The indictment charges that the appellant H. E. Blackledge and "other person, or persons", whose names were unknown to the Grand Jury, conspired and confederated together with the fraudulent and malicious intent to "injure the property and funds owned and accumulated by the Grand Lodge A. O. U. W., which property and funds were owned and accumulated for the benefit of persons holding the lodge's certificates and contracts of insurance * * * and with the fraudulent and malicious intent to injure the rights of said holders and beneficiaries * * * with having wilfully and unlawfully conspired, combined and confederated together for the wrongful and fraudulent purpose of diverting $15,000 of the property and funds into a note or bond secured by a mortgage on certain real estate (describing it) which was not worth double the amount loaned * * *" and for the wrongful and fraudulent purpose of converting a portion of the $15,000 thus to be obtained to the use of appellant and Lowenberg.

It is provided by section 8829 of the Code of 1924 that any

fraternal or beneficiary society shall invest its accumulations in the following securities:

"Bonds, mortgages, and other interest-bearing securities being first liens upon real estate within this state or any other state, worth at least double the amount loaned thereon * * *."

It was, therefore, clearly unlawful for the society of which Lowenberg was the Grand Master to loan the funds of the society upon real property unless the same was worth double the amount loaned. It may, therefore, fairly be said that the indictment charges a conspiracy to commit an unlawful act and to injure the property and rights of the society and of persons holding certificates and contracts of insurance issued thereby. The acts charged being unlawful, a conspiracy to commit such acts comes within the terms and purview of the statute defining the offense. Numerous prior decisions of this court, as already indicated, in referring to the means, have used the words "illegal" and "unlawful" interchangeably and obviously without intending thereby to imply a crime. As pointed out in State v. Harris & Folsom, supra, it was held that an indictment which charged a conspiracy to commit a misdemeanor was good. The means charged in the indictment in the present instance were unlawful and illegal. Although not criminal, the intent of the defendants named was to unlawfully obtain from the society named funds belonging thereto and to its certificate and policy holders.

We have not, in reaching this conclusion, overlooked the fact that the present statute is almost identical with the statute in force at the time the earlier pronouncements of this court were made. The earlier cases have not in specific terms been overruled but they have, to the extent indicated, been departed from. Chapter 266, Laws of the 43d General Assembly, was enacted after the indictment in this case was returned. The demurrer was, in the opinion of the court, properly overruled.

II. The defendant filed a plea of former jeopardy based upon a prosecution and conviction under the provisions of section 8820 of the Code, which is as follows:

"Any officer, agent, or member of such association, who shall obtain any money or property belonging thereto by any false or fraudulent representation, shall be fined not more than five hundred dollars and costs, and·stand committed until such fine and costs are

paid, or may be imprisoned in the county jail not more than six months."

The indictment in this case was based upon the identical unlawful acts alleged in the conspiracy charged. The indictment, of course, did not charge a conspiracy, but the crime of obtaining property by false and fraudulent representations. The conviction of the appellant was affirmed by memorandum in State v. Blackledge (Iowa), 232 N. W. 510 (not officially reported). The judgment against the defendant in that case was that he pay a fine of $500.00 and the costs of the action. As the indictment under which appellant was convicted was based upon the transaction in which a loan was obtained upon real property in excess of its actual value, which is the same as that charged in the present indictment, the evidence to establish the same was necessarily, to that extent, substantially the same as that involved in the case before us. The crime, however, was a wholly separate and distinct one and in no sense included within the crime of conspiracy to commit the unlawful act. The evidence which would support the charge of conspiracy would, no doubt, have sustained the charge of obtaining property by false and fraudulent representations, but evidence tending to establish a conspiracy would have been irrelevant. The evidence necessary to establish the crime charged in the indictment on which the defendant was convicted would not, however, sustain a conviction of conspiracy. There is a great diversity of judicial decision touching the question of former jeopardy. No decision of this court sustaining appellant's contention is cited in his brief. It is true that it is not necessary to sustain a plea of former jeopardy that the offenses charged be the same but, as stated, it is clear in this case that not only are the defenses wholly different but that the charges in the two cases cannot be established by the same evidence. The indictments do charge the same intent based upon the same acts to fraudulently obtain the funds of the A. O. U. W. but in the former case the charge, as stated was obtaining property by false and fraudulent representation, whereas the crime charged in the present indictment is that of a conspiracy by unlawful means to injure the property and rights of property of the society. They are wholly separate and distinct offenses and the conviction of one does not constitute jeopardy so as to prevent a conviction of the other offense. The same evidence would not sustain both charges.

III. The sufficiency of the evidence to sustain the verdict is also challenged by appellant. The evidence relied upon to support the allegations in the indictment of conspiracy is more or less circumstantial. There is no direct evidence of any agreement with Lowenberg, nor is it shown that he participated in any of the ill-gotten gains. The indictment charges a conspiracy by the defendant with Lowenberg and others to the grand jury unknown. Four separate and independent transactions are shown in the evidence. One of the transactions was the purchase of the land described in the indictment of Caroline Longshore. The purchase price of this land was $11,000. A loan for $15,000 was applied for and obtained of the A. O. U. W. The deed from Caroline Longshore was made to C. D. Jones. Jones was not the purchaser of the land and was paid $25.00 to take title in his name and to sign the application for the loan. Jones denied that he represented the land to be worth from $160 to $185 per acre and also denied other statements and representations in the application. The direct transaction with Jones was made by one Donohue. The proceeds of the loan were paid to the defendant. The warrant was for $14,690. $11,000 of this was paid to the attorney for the grantor in cash, $1,000 in cash to the appellant and the remainder by cashier's check, also to him. Donohue was in the real estate business and well acquainted with the defendant. Hiram Hunn, the attorney referred to, testified that defendant asked him if he would take a check or draft for a sum in excess of the purchase price and give him his check for the difference. This Hunn declined to do. Evidence of another transaction was with Sam and Margaret E. DuVall. DuVall purchased a farm in Van Buren county for which he was to pay $15,000. The transaction was with the defendant. DuVall made application to the A. O. U. W. for a loan at the instance and request of the defendant, in which it was represented that the price paid for the land was $25,000. The defendant said, in discussing the matter with Margaret DuVall, who objected to the statement of the purchase price, that anything could be put in a deed. The seller received $8,745 for the land but the record does not show the disposition of the rest of the proceeds. The DuValls were paid $300 to sign the papers by appellant.

In another transaction involving a tract of land in Union county, a similar method was pursued and a loan for a sum sufficient to pay the purchase price, a mortgage on the land and $4,652.40 to appellant was obtained as a loan. Other transactions are disclosed

by the evidence. We need not go further into detail. The evidence clearly shows that the defendant was conspiring and confederating with others than Lowenberg to obtain applications for loans upon land purchased at a fair value, largely in excess of the price paid. This was accomplished in part at least by the misrepresentations contained in the application to the society. We have reviewed the record with care and, without more, are satisfied that the evidence fully sustains the verdict of the jury.

Some contention is made by counsel that transactions other than the one with Longshore and Jones were inadmissible for the reason that the evidence at this point did not make out a prima facie case. The contention is without merit.

The remaining questions relied upon by appellant and argued in the brief are either without substantial merit or are fully answered by what we have already said. The facts are more fully detailed in the opinion of the court in State v. Lowenberg, 216 Iowa 222, 243 N. W. 538, to which reference may be made. The cases were tried separately but the evidence was substantially the same in both cases.

We find no reversible error in the record and the judgment is affirmed.—Affirmed.

EVANS, FAVILLE, ALBERT, MORLING, KINDIG, and DE GRAFF, JJ., concur.

GRIMM, J., (dissenting)—The indictment is not sufficient.